## MAUPIN *v.* GAINS.

### Opinion delivered July 10, 1916.

1. ADVERSE POSSESSION—CO-TENANTS—PRESUMPTION.—Where one of two co-tenants is in possession of land, the presumption is that he does not occupy adversely, but claims only his own interest.

2. ADVERSE POSSESSION—RECOGNITION OF TITLE.—A recognition of another's title will defeat the running of the statute.

3. FRAUDULENT CONVEYANCES—VALIDITY BETWEEN THE PARTIES.—A conveyance made in fraud of creditors is valid as between the parties.

4. HUSBAND AND WIFE—CONVEYANCE OF LAND—RIGHTS OF WIFE—EQUITABLE ESTATE.—Where a husband deeded a one-third interest in certain lands to his wife, she acquired only an equitable estate, and she can not maintain a suit at law for possession of the land where the holder of the legal title refused to join with her, and she is required to go into chancery to assert and secure recognition of her title.

5. PARTITION—TENANCY IN COMMON.—Unless a tenant in common is in possession, or his title is admitted, he can not maintain a bill in equity for the partition of the land, but when a court of chancery has possession of a case on some ground of equity jurisdiction wholly distinct from partition, the cause will be retained for that purpose.

6. CO-TENANCY—ACCOUNTING FOR RENTS.—Where one co-tenant sought to enjoy the exclusive possession of the land, he will be liable to his co-tenant for a proportionate share of the rents from the beginning of his possession.

Appeal from Fulton Chancery Court; *T. H. Humphreys*, Chancellor affirmed.

*John H. Caldwell*, for appellant.

1. Where property is held adversely, or where the title is in dispute, a Court of Chancery has no jurisdiction to award partition. 27 Ark. 96-7; 1 Watts & Serg., 185;

42 Ill., 473; 3 Grant's Cases, Penn. 177; 97; 40 Ark. 156; 91 Ark. 29. Tenants in common can establish title against another co-tenant by adverse possession 1 Cyc. 1072. Plaintiff was only a tenant in common. 91 Ark. 30. Where ousted or his rights denied, the remedy is by ejectment. 119 Ark. 386

2. Joe Gains was not a party and no judgment as to him is valid or binding. It was error to render judgment for rents against appellants. 48 Ark. 135.

3. The deed from Joe Gains was fraudulent and void as to creditors, and Maupin was a creditor.

4. Appelleee was barred by limitation.

*C. E. Elmore,* for appellee.

1. The parties are tenants in common, each recognizing the interest of the other; appellant recognized appellee's interest by letter. Appellant's possession was not adverse and never could ripen into a title. 104 Ark. 341; 2 Wall. 328; 59 N. Y. 46; 80 Ark. 444; 117 *Id.* 418.

2. The Chancery Court had jurisdiction. 19 Ark. 233; 83 *Id.* 554. There was no such adverse possession as to take the case out of the jurisdiction of the chancery court. 83 Ark. 74; 88 *Id.* 610; 102 *Id.* 611; 117 *Id.* 418. Possession of one tenant in common is the possession of all and not adverse until the right is denied by some open, public notorious act amounting to ouster. 42 Ark. 289; 99 *Id.* 446.

3. The deed from the husband to the wife, in the absence of fraud, will convey the title. 60 Ark. 70; 62 *Id.* 26; 86 *Id.* 150; 116 *Id.* 142. There were no creditors of Joe Gains to complain. Mrs. Maupin was not a creditor. 47 Ark. 309.

4. There was no bar by limitation.

SMITH, J. This is a suit to partition certain town lots, which was brought to the September, 1914, term of the Fulton chancery court by appellee, who alleged in her complaint that she was the owner of an equitable one-third undivided interest in the lots in question, but that appellant, Mrs. M. E. Maupin, who was the defendant below, was wrong-

fully in possession, asserting ownership of the whole title to said lots. There was a prayer that appellee be declared the owner of the one-third interest claimed by her and that the property be ordered sold and that she have judgment for the rents due her. The lots were originally owned by appellee's husband and his brother James and appellant Maupin, his sister, who had inherited the property from their father, who died in 1900. Appellee's husband, Joe Gains, conveyed to her his undivided one-third interest in the lots by warranty deed dated May 15, 1901.

Appellant asserted ownership of the whole title in her answer by virtue of a deed from her brother James, her own inheritance from her father, and her possession and adverse occupancy against appellee. Appellee was divorced from her husband, Joe Gains, at the time of the institution of this suit, yet she joined him as a party plaintiff. A number of preliminary motions were filed as a result of which the court found that Joe Gains was adversely interested to appellee and that she had no authority to use his name in her suit and his name was stricken from the complaint as a party plaintiff. Appellee filed motions and pleadings which indicated her purpose to make him a party defendant, but this action was never taken. The cause was transferred to the circuit court, and while it was pending there the complaint was amended by striking out the name of Joe Gains as a party plaintiff. Thereafter the cause was transferred back to the chancery court over appellant's objections. A number of motions were filed before the final submission of the cause, but we find it unnecessary to abstract them in this statement of facts.

The execution of the deed to appellee from her husband Joe Gains, was admitted, but Joe Gains testified that this deed was void because he had executed it to his wife for the purpose of defeating the collection of a judgment which he anticipated would be rendered against him and which was rendered against him in a suit pending in the court of a justice of the peace at the time of the execution of the deed. He testified that his wife knew this was the purpose of the deed and that there was no other con-

sideration therefor. Mrs. Maupin testified that her adverse occupancy began on October 16, 1909, which was the date of the death of her mother, and continued down to the time of the institution of this suit, a period of sixty-four months. She also testified that she rendered certain services to her father and mother in the last years of their lives, and that it was in recognition and in payment of these services that her brother James had executed a deed to his undivided one-third interest in the lots in question, and she alleged further that she was a creditor of her brother Joe on that account and, as such, was entitled to attack the deed from him to appellee as being without consideration and in fraud of creditors. No other person claiming to be a creditor complains here.

(1) The lots were occupied by appellant's mother until her death in 1909, and this is the period from which appellant really dates her claim of adverse possession. This claim cannot be supported for several reasons. The first is that the suit was brought within seven years of the earliest period when the adverse posssession could have commenced to run, if it ran at all. Another reason is that appellee was a married woman until within three years of the date of the suit. And still another reason is that appellee and appellants were tenants in common, and the presumption is, and was, that appellant was not occupying adversely to her co-tenant, but was only claiming the interest to which she had the title. In February, 1911, appellant wrote appellee a letter in which she said:

"Dora, if you have not deeded that third interest in the house back here, you can hold it, and he can't help himself, for that is on record here at Salem, and you hold to that and anything more you can get. Of course, the share is not very much, but every little helps, and if you have got it, hold to it, and when you get loose from him I will buy it and pay you just all I can for it."

(2) Here was an express recognition of appellee's title before the statute of limitations could have run and one confirming the statutory presumption that the possession was not adverse. *Wilson* v. *Storthz*, 117 Ark. 418.

(3)   If it be assumed that the conveyance from **Joe**
**Gains** to his wife was made in fraud of creditors, it is
still good between the parties thereto.   *Millington* v.
*Hill, Fontaine & Co.,* 47 Ark. 301; *Johnson* v. *Johnson,*
106 Ark. 9.

It is true, of course, that such conveyances are open
to the attack of creditors; but appellant is not such a
creditor under her own statement.   She never attempted
to probate any claim against her father's estate, nor to
have his land subjected to the payment of any demand in
her favor.   But in no event would she have a demand
against her brother for services to their father in the
absence of an agreement to pay for these services.   There
might be a moral obligation to share this burden, even in
the absence of a promise to pay, but there would be no
legal liability therefor.

(4) The conveyance to appellee from her husband did
not operate to pass the legal title, but it did convey the
equitable title.   *Ogden* v. *Ogden,* 60 Ark. 70; *Geo. Taylor*
*Commission Co.* v. *Bell,* 62 Ark. 26; *Carter* v. *McNeal,* 86
Ark. 150; *Wood* v. *Wood,* 116 Ark. 142.

Having only an equitable title appellee could not
maintain a suit for possession in a court of law where the
holder of the legal title had refused to join, or be joined,
with her in the suit.   But she was required to go into a
court of chancery to secure the recognition and assertion
of this title.   Freeman on Cotenancy & Partition (2d
ed.) Sec. 453.

(5) It has been frequently held that unless a tenant
in common is in possession, or his title is admitted, he
cannot maintain a bill in equity for the partition thereof.
But it is equally as well settled that when a court of chan-
cery has possession of a case on some ground of equity
jurisdiction wholly distinct from partition, the cause will
be retained for that purpose.   *Criscoe* v. *Hambrick,* 47
Ark. 235; *Davis* v. *Whittaker,* 38 Ark. 435; *Trapnall* v.
*Hill,* 31 Ark. 345; *Hankins* v. *Layne,* 48 Ark. 544; *Ashley*
v. *Little Rock,* 56 Ark. 370.

Complaint is made that Gains was not made a party
defendant.   It appears from the recitals of the decree

that no request to that effect was made until the final submission of the cause. But Gains had been made a party plaintiff, although this was done without his consent. His name was stricken from the complaint as a plaintiff pursuant to motions filed by Mrs. Maupin, yet he appears to have been treated as a party and to have prayed, and to have been granted, an appeal in the recitals of the decree. He testified in the cause and manifested his hostility to appellee's claim and his desire to assist his sister in defeating its assertion and in establishing the allegations of appellant's answer, but showed that he executed the deed to his wife and failed to show any defense to the action. He tendered no plea setting up a claim to the land or to any interest therein, and he would have been only a nominal party though a proper one. Under these circumstances we think no prejudicial error was committed in refusing his belated request to be allowed to file a formal answer in his own name. *Eagle v. Oldham*, 116 Ark. 565.

(6) No error was committed in ordering an accounting of the rents, improvements and taxes. This is not the case of exclusive occupancy by one co-tenant against another who had neglected to avail himself of his right of joint occupancy; but is the case of a co-tenant seeking to enjoy the exclusive possession. Appellant is, therefore, liable to appellee for her proportionate share of the rents from the beginning of such posession, the period from which the court ordered the accounting.

The decree establishing appellee's title is correct and is, therefore, affirmed.