HARRIS *v.* EDWARDS.

Opinion delivered May 21, 1917.

1. APPEAL FROM JUSTICE COURT—NEW ISSUES—SET-OFF.—When a cause is appealed from a justice court and tried *de novo* in the circuit court, it is not permissible to change the cause of action nor to plead a set-off not pleaded in the lower court, but new issues may be presented if they do not constitute a new cause of action or set-off.

2. APPEAL AND ERROR—FAILURE TO PLEAD STATUTE OF FRAUDS—EFFECT OF REQUESTED INSTRUCTION.—Where there is evidence in the record upon which an instruction upon the statute of frauds might be based, the asking of an instruction on that question *held* tantamount to specifically pleading the statute.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; reversed.

*W. P. Strait,* for appellant.

1. The court should have directed a verdict as requested in instruction No. 1 for appellant. If Edwards ever really made a contract after he became the owner of the flour, it was a verbal contract for more than $30 and void under the statute of frauds. Kirby's Digest, § 3656. The court should also have given No. 5, as asked by appellant. The testimony settles every feature of the case in favor of appellant, and the court refused to instruct the jury on appellant's theory of the case at all.

This was a justice of the peace case, and the pleadings were oral. No written pleadings were required, and it was error to render judgment for the plaintiff for the want of a written answer. 45 Ark. 456; 30 *Id.* 560; 36 *Id.* 501. See also 38 Ark. 504. The burden was on appellee to show a legal sale or contract, binding on the parties.

2. A suit for debt, like this, can not be maintained to recover unliquidated damages for a breach of contract. 4 Ark. 145; *Ib.* 441; 6 *Id.* 255; 25 *Id.* 215. An action for debt will not lie except upon a contract or legal liability to pay a sum certain. 5 Ark. 157; 1 *Id.* 165. There is a broad and marked distinction between debt and covenant. 5 Ark. 318; 9 *Id.* 199; 24 *Id.* 477; 1 *Id.* 108. It was error, therefore, for the court to refuse to give instructions 2, 3, 4 and 5, asked by appellant, and presenting the theory of appellant. They are the law and responsive to the pleadings.

3. The verdict is contrary to the evidence and the law. 64 Ark. 462; 38 *Id.* 594; 17 *Id.* 279; 23 *Id.* 200. Under the pleadings appellee failed to make out a case.

*Edward Gordon* and *Sellers & Sellers,* for appellee.

1. There was no error in refusing the instructions asked by appellant. The answer filed before the justice is omitted from the abstract, nor was the statute of frauds pleaded. 45 Ark. 456; 30 *Id.* 560; 36 *Id.* 594.

2. This was a justice of the peace case, and appellant had no right to raise new issues on appeal. 96 Ark. 184; 105 *Id.* 641; 92 *Id.* 398. No objections were made to proof of any contract between appellant and appellee. 82 Ark. 260.

3. Every phase of this case was duly presented to the jury by the instructions given. The jury were the sole judges of the evidence and have found that it was a mere loan of money by Edwards to Harris and their verdict is amply supported. The transaction has been fully executed and the statute of frauds could not be material.

Humphreys, J. This suit was instituted by appellee against appellant on the 2d day of March, 1916, before a justice of the peace in Conway County, to recover the sum of $210 for an alleged balance due upon a loan to purchase one car of flour.

Appellant answered, denying that he was indebted to appellee for a balance due upon a car of flour.

The cause was submitted to the jury upon the written pleadings and the evidence adduced, upon which the jury returned a verdict in favor of appellant. An appeal was prosecuted to the circuit court, where the cause was again heard upon the pleadings, testimony and instructions of the court, upon which a verdict was returned in favor of appellee for $160.80. A judgment was rendered against appellant for said amount, from which an appeal has been duly prosecuted to this court.

The undisputed facts disclose that E. F. Edwards, representing Oswego Milling Company, obtained a written order from Harris Brothers, on November 24, 1915, for a car load of flour for future delivery. The shipment was made to shipper's order, with draft on Harris Brothers attached to the bill of lading. The draft and bill of lading were sent to the Rainwater Bank at Morrilton, Arkansas. The flour arrived in Morrilton in the month of January, 1916. Harris Brothers were unable to pay for the flour. Edwards executed his note to the bank to cover the amount and paid same to Oswego Milling Company. The flour was held quite a while by Edwards and the bank and was then sold at a loss of $160.80.

The evidence was conflicting as to whether the transaction constituted a loan from E. F. Edwards to C. C. Harris with which to pay for the flour, or whether by the transaction E. F. Edwards became the absolute owner of the flour with contract with C. C. Harris to buy the flour when he secured sufficient means.

Appellee contended that he advanced money to pay off the draft and held the flour as collateral security only, and that when notified by appellant that he would not take the flour, he sold it and applied the receipts to the payment of the loan, and that appellant owed him on said loan a balance of $160.80.

Appellant contended that his firm was unable to pay the draft for the purchase price of the car of flour and that appellee paid the draft and became the absolute owner of said flour; that he then made an oral contract

with appellee to take the flour when he could raise the money; that he had been unable to raise the money, and after the institution of this suit against him by appellee, appellee had sold the flour.

The cause was sent to the jury upon very clear instructions, outlining the theory of appellee; but appellant's theory that by taking up the draft Edwards had become the absolute owner of the flour and had given appellant either an option to buy, or had contracted to sell it to him when he could get the money, was not presented to the jury. In attempting to present appellant's theory of the case, the court told the jury that appellant contended he had been guilty of a breach of contract only, and, in that event, appellee could not recover because he had not brought suit upon a breach of the contract. This did not present appellant's defenses, which were:

*First.* That he did not borrow the money from appellee with which to buy the flour.

*Second.* That he only agreed to take the flour in the event he could raise the money, which he had been unable to do.

*Third.* That in the event the transaction constituted a sale and purchase of the car of flour by appellee to appellant, it was an oral undertaking involving more than $30 and was void because not in writing.

(1) It is contended, however, by appellee that the statute of frauds was not pleaded in the magistrate's court, and not pleaded in the circuit court until after all the evidence was in. Appellee insists that no defenses could be made in the circuit court on trial *de novo* that were not made in the justice's court. Where a cause is appealed from a magistrate's court and tried *de novo* in the circuit court, it is not permissible to change the cause of action nor to plead a set-off not pleaded in the lower court, but new issues may be presented if they do not constitute a new cause of action or set-off. *Meddock* v. *Williams,* 91 Ark. 93.

(2)   Evidence was introduced leading up to and closing the whole transaction.   There was ample evi-dence in the record upon which to base an instruction on the statute of frauds, and the asking of an instruction on that question by appellant was tantamount to specifi-cally pleading the statute of frauds.   It will be remem-bered this case is an appeal from the court of a justice of the peace, and written pleadings were not necessary.

During the time the flour was being held by Ed-wards, a written statement as to the ownership of the flour was exacted of appellant by Edwards' agent, Wood Rainwater, which appellant offered in evidence.   The court excluded this written statement.   This statement would be a circumstance tending to establish the owner-ship of the flour and was admissible for that purpose. Not being argued, the error in excluding the evidence is waived on this appeal.   We mentioned the matter here because the question is likely to come before the court again on a new trial of this cause.

On account of errors indicated, the judgment is re-versed and the cause remanded for a new trial.