Sandidge *v.* Sandidge.

4-8382                                      206 S. W. 2d 755

Opinion delivered December 22, 1947.

*John H. Wright,* for appellant.

*Agness F. Ashby* and *J. H. Lookadoo,* for appellee.

Minor W. Millwee, Justice.   The parties to this action were married in 1939.  On October 2, 1940, appellant, June A. Sandidge, executed a warranty deed to appellee, his wife, to four lots in the City of Gurdon, Arkansas. The parties resided in one of the two houses located on

these lots until 1945 when they separated and appellee sued appellant for a divorce and settlement of property rights in the chancery court.

On October 7, 1946, a decree was rendered in the chancery court which denied a divorce to appellee, but fully adjudicated the property rights of the parties and found that appellee had fee title to the four lots in controversy. Neither party appealed from the chancery decree.

On April 1, 1947, appellee brought this action in circuit court alleging her ownership and right to possession of the four lots by virtue of the deed from appellant and the chancery decree. The complaint also alleged that appellant refused to deliver possession to appellee and continued to occupy the property and collect the rents after receipt of notice to vacate which was given soon after their separation in 1945. Appellee prayed judgment for possession of the lots together with $1,600 which she alleged to be the rental value of the property from April, 1945, and for damages in the sum of $1,000 for unlawful detention of the property by appellant.

Appellant filed a demurrer to the complaint stating that circuit court was without jurisdiction because appellee had only an equitable title to the lands under the deed from her husband, and that such title was insufficient to support an action at law for possession. The demurrer was overruled and appellant answered denying the material allegations of the complaint and further alleged that he retained legal title to the property as long as the parties remained married and was entitled to occupy the premises as trustee by operation of law. Appellant also filed a cross complaint alleging that he conveyed the property to appellee in 1940 on her promise to reconvey to the parties jointly within 30 days. He prayed damages in the sum of $1,000 for breach of her alleged agreement to reconvey the property.

In answer to the cross complaint appellee interposed the plea of *res judicata* based on the chancery court decree of October 7, 1946.

On a trial of the issues the circuit judge instructed a verdict in appellee's favor for possession of the four lots in controversy and directed the jury to fix the fair rental value of the property from October 7, 1946, the date of the chancery decree, to the date of the trial, which was held on April 29, 1947. The jury returned a verdict for appellee for possession of the property and $375 in rents. Appellee excepted to the trial court's refusal to permit the jury to allow rents accruing prior to October 7, 1946, but there is no cross appeal on this issue.

The primary contention of appellant for reversal of the judgment based on the jury's verdict is that circuit court was without jurisdiction. In support of this contention appellant argues that appellee acquired only an equitable interest in the lands under the deed from appellant in 1940; and that chancery court was without authority to decree any greater interest in the land than that acquired by appellee under said deed. Appellant cites a number of cases holding that a deed of land by a husband to his wife will convey to her only an equitable estate, while he holds the legal title as her trustee. Some of these cases are *Ogden* v. *Ogden,* 60 Ark. 70, 20 S. W. 796, 46 Am. St. Rep. 151; *Maupin* v. *Gaines,* 125 Ark. 181, 188 S. W. 552; and *Wilkerson* v. *Powell,* 173 Ark. 33, 291 S. W. 799.

In *Maupin* v. *Gaines, supra,* the court held that a wife could not maintain a suit for possession in a court of law under a deed from her husband where the holder of the legal title refused to join in the suit. The rule announced and followed in the foregoing cases was changed by Act 86 of 1935. Section 1 of said act, now appearing as § 1866 of Pope's Digest, reads as follows: ''Any deed of conveyance of real property located in this State, executed after the passage of this Act by a married man directly to his wife or by a married woman directly to her husband, shall be construed as conveying to the grantee named in such deed the entire interest of the grantor in the property conveyed, or the interest specified in the deed, as fully and to all intents and purposes as if the marital relation did not exist between the parties to such deed.''

Under the above-mentioned statute the chancery court was authorized to find, as it did, that the deed from appellant to his wife conveyed his entire interest in the four lots in controversy. Having become invested with absolute ownership in the property by virtue of the chancery court decree appellee was entitled to assert her right of possession in the circuit court. The decree of the chancery court determined the respective interests of the parties in properties other than the lots in controversy. Appellant accepted the benefits of the decree and neither party has appealed therefrom.

In support of his cross complaint appellant offered testimony to the effect that appellee, at the time of the 1940 conveyance, orally agreed to reconvey the property to appellant. Error is assigned in the exclusion of this testimony. The question of a contemporaneous agreement to reconvey was one that should have been, and doubtless was, thoroughly explored in the chancery suit where title to the property was finally adjudicated. The chancery decree was conclusive of the rights of the parties on this issue and the trial court correctly excluded this testimony.

The jury fixed the rental value of the property at $375 for a period of six months and 22 days, or a monthly rental of $55.70. Appellant insists that the verdict for rents is grossly excessive. Tenants who had lived in the smaller rent house since October, 1945, testified that they paid a monthly rental of $15, appellant paying the utility bills. One of the tenants also paid appellant $20 per month rental for two rooms of the larger six-room house for several months. Appellee testified that she was offered $50 per month for the six-room house and could have easily rented it for that amount. Viewed in the light most favorable to appellee, the evidence was sufficient to support the verdict fixing the rental value of the property.

Appellant argues that neither he nor appellee was properly qualified to testify concerning the fair rental value of the property. The testimony was not objected to

on this ground at the trial and appellant has waived the right to urge the objection here.

Appellant executed a supersedeas bond guaranteeing the satisfaction of the circuit court judgment as well as rents which have accrued since the trial. While we are authorized to enter judgment against the sureties on the supersedeas bond here, we are unable to definitely fix the amount of rents accruing since the trial until actual possession of the property is surrendered to appellee.

The judgment of the circuit court is, therefore, affirmed, but the cause will be remanded to the circuit court with directions to ascertain the rentals which have accrued since the trial, such determination to be made on the basis of $55.70 per month, for which judgment will be entered against appellant and the sureties on the supersedeas bond.