McClure *v.* McClure.

4-9749                                        247 S. W. 2d 466

Opinion delivered April 7, 1952.

*Bridges, Bridges, Young & Gregory,* for appellant.

*Davis & Davis,* for appellee.

GEORGE ROSE SMITH, J. This is a divorce suit filed by the appellant against her husband, Dr. G. R. McClure. The chancellor granted a divorce to Dr. McClure upon his cross-complaint and also canceled certain deeds by which Dr. McClure had conveyed a hospital building to his wife during their marriage. Mrs. McClure appeals from that part of the decree canceling the deeds.

The chancellor found that the conveyance of the building was for the purpose of defrauding McClure's

creditors, but the transaction was set aside upon the additional finding that Mrs. McClure was a party to the attempted fraud. As an alternative reason for the decree the trial court held that the property should be restored to the husband pursuant to the statute which provides that all property which either spouse has obtained from the other during the marriage "and in consideration or by reason thereof" shall be restored by the decree of divorce. Ark. Stats. 1947, § 34-1214. In this court the main issue is whether the chancellor's cancellation of the deeds can be sustained upon either of the grounds suggested.

The evidence indicates pretty clearly that this building was deeded to Mrs. McClure in the hope of putting it beyond the reach of Dr. McClure's creditors. In 1947 McClure was indicted for murder and abortion; see *McClure* v. *State*, 214 Ark. 159, 215 S. W. 2d 524. At about the same time two civil suits for malpractice were filed against him, the complaints asking for judgments totaling $277,000. While both the criminal and the civil cases were pending Dr. McClure, on April 28, 1948, conveyed the building in controversy to his wife. As we shall narrate in a moment, McClure testified to a number of different and contradictory motives for putting the title in his wife's name, but the chancellor was fully justified in believing that the conveyance was intended as a barrier to the collection of the grantor's debts.

On this set of facts the appellee is not entitled to relief. A husband who conveys land to his wife in fraud of creditors is not permitted to invoke the assistance of equity in setting aside the deed; he does not come into court with clean hands. *Knight* v. *Glasscock,* 51 Ark. 390, 11 S. W. 580; *Maupin* v. *Gains,* 125 Ark. 181, 188 S. W. 552. The appellee relies upon *Sliman* v. *Moore,* 198 Ark. 734, 131 S. W. 2d 1, but that decision is not controlling. There the holder of a mortgage that had been fraudulently given to defeat the mortgagor's creditors was not permitted to foreclose, in the face of his admission that he had paid nothing for the notes and had merely co-operated in the debtor's attempt to ob-

struct outstanding claims. There being no mortgage debt, the mortgagor had a complete defense to the attempted foreclosure, and we refused to allow the mortgagee to take advantage of his own participation in the wrong as a means of acquiring the property. There is nothing in the opinion indicating any intention to overturn the settled rule that a deed executed in fraud of creditors is good as between the parties.

Nor should the property be restored to the appellee under the statute cited above. The long established interpretation of this law is that it applies either to property rights acquired under an antenuptial settlement or other inducement to the marriage or to property rights flowing from the marriage by operation of law, such as inchoate dower. The statute does not require the wife to surrender everything she may have been given during the existence of the marriage. *McNutt* v. *McNutt,* 78 Ark. 346, 95 S. W. 778; *Turner* v. *Turner,* 219 Ark. 259, 243 S. W. 2d 22.

In spite of the explicit finding that McClure conveyed the building to his wife in fraud of creditors we are asked to affirm the decree upon the theory that the doctor was actuated by some other motive in making the transfer of title. In testimony given at a series of hearings McClure at one time or another testified that he executed the deed (a) voluntarily, to enable Mrs. McClure to pay the debts then facing him, (b) voluntarily, to provide her with a subsistence if he should be sentenced to the penitentiary, (c) reluctantly, upon her insistence that the title be placed in her name rather than that of his mother, and (d) under duress, at a time when she was confining him to his home and preventing him from consulting his attorney. The theory of the present contention is that the transaction resulted in the creation of an implied trust. The evidence to engraft such a trust upon an absolute deed must be clear, unequivocal, and convincing, and we would have some difficulty in saying that any one of the appellee's four versions of the matter is established by evidence of the necessary cogency, in view of the fact that the acceptance of any

of the appellee's theories involves the rejection of others that he also swore to be true.

Reversed.