ARKANSAS STATE HIGHWAY COMM'N *v.*
W. F. LEMLEY ET AL

5-4945                    444 S. W. 2d 692

Opinion delivered September 22, 1969

*Thomas B. Keys* and *James N. Dowell,* for appellant.

*Gordon, Gordon & Eddy* and *Williams & Gardner,* for appellee.

CONLEY BYRD, Justice. For reversal of the $13,000.00 award of compensation in this eminent domain action

the Arkansas State Highway Commission relies upon three points:

"I.   the trial court erred in not granting the appellant's motion for change of venue.

"II.  The trial court erred in not striking the testimony of witnesses for the defendant in regard to value and damages based upon a unity of use between the two separate parcels of land. Also the trial court erred in refusing to give plaintiff's Instruction No. 1 and in giving defendant's Instruction A.

"III. The trial court erred in giving the instruction as to 'financial loss.' "

POINT NO. I.  We find no merit in the contention that the trial court erred in failing to grant a change of venue. Appellant here made substantially the same showing upon the same pleadings that it made in *Arkansas State Highway Commission* v. *Duff,* 246 Ark. 95, 440 S. W. 2d 563 (1969). That decision is determinative of the issue here.

POINT NO. II.  The record shows that appellees W. F. Lemley and Roy V. Jackson own the W½ SE, SW NE of Sec. 33, and also the SW NW Sec. 34, T 7 N, R 17 W. The taking, for construction of interstate 40, totals 12.72 acres of the 120 acre tract in Section 33. There remains 40.8 acres south of the interstate. The 60.48 acres lying north of the interstate is without public highway access. The SW NE of Sec. 33 is timber land. One quarter mile east, separated by an intervening ownership, is the SW NW of Sec. 34, also timber land. After the condemnation action was filed on the section 33 land, the appellees petitioned Chancery Court to enjoin construction of interstate 40 because it denied the landowners right of ingress and egress to and from the Section 34 property. This action was transferred to Circuit Court and the two causes were consolidated for trial.

At the trial it was shown that the landowners had an oral agreement with the intervening property owner for access to their land in Section 34 from the land in Section 33. Subsequent to institution of the eminent domain action, this agreement was reduced to writing. Thus appellees here had ingress and egress from Highway 64 across their lands in Section 33, across the intervening easement, to the lands in Section 34.

Witnesses for the landowners testified that there was unity of use for agricultural purposes between the lands in 33 and the lands in 34. However the witnesses on cross-examination admitted that the lands in Section 34 were timber lands and were not being used for farming operation at the time. Pursuant to such testimony the trial court submitted to the jury the issue of whether or not the lands in Section 33 and Section 34 constituted a unit, and denied the Highway Department's requested instruction that the jury was to disregard any damages to the land in Section 34.

Obviously, the testimony here is woefully insufficient to show a unity of use for farming purposes between the 120 acre tract in Section 33 and the timbered lands in Section 34. Consequently the trial court did err in giving appellees' requested Instruction A on the unit of value, but it does not necessarily follow that the trial court erred in refusing to give the Highway Department's requested Instruction No. 1, that the jury should disregard any damage to the lands in Section 34. It is pointed out in an annotation in 49 A. L. R. 368 that a property owner may recover damages for the vacation or the closing of a street where his property is cut off entirely from access to the general system of streets by such vacation or closing, even though the street immediately in front of his property remains open, since the latter is of small, if any, consequence under these circumstances. In *Cooke* v. *City of Portland,* 136 Ore. 233, 298 P. 900 (1931), the proposition is stated in this language:

"Courts have been unable to announce any hard and fast rule to determine when owners may and when they may not recover compensation for injury to property by reason of the vacation of a street. However, it may be said with a degree of certainty that an owner whose property abuts upon that part of the street vacated is entitled to be compensated for deprivation of his right of access to his property. It is also a well-established general rule that those owners whose property does not abut upon the street vacated are denied compensation if they still have access to the general system of streets. See numerous cases in exhaustive note 49 A. L. R. 330. The mere fact, however, that the property does not abut on the street vacated does not preclude compensation if the owner has been deprived of all access to his property. This could be accomplished by the vacation of streets on both sides of a property or by closing all of the street except that part upon which the property abuts. The real test is not whether the property abuts upon the street vacated but whether a special injury has been sustained by reason of the vacation."

Since there was testimony from which the jury might have found that the landowners had access to the tract in 34 by the easement mentioned and it is conceded that there was no other public ingress and egress to the property we cannot say that the trial court erred in refusing to instruct the jury to disregard any damages to the Section 34 property.

POINT NO. III. After the trial court had instructed the jury with reference to the before and after fair market value of the property and had defined the term "fair market value" he then instructed the jury as follows:

"What you are to determine in this case is what financial loss the defendants have sustained in this

case by the taking of their lands; and if you do so find a *financial loss,* by a preponderance of the evidence, you are to return a verdict for just compensation for this taking, in which verdict the indemnity must be real, substantial, and full.

"Less would be unjust to the landowners; more would be unjust to the public." [Emphasis ours.]

The Highway Department objected specifically to the above instruction because it allowed the jury to consider elements of damages not properly a part of just compensation. We hold that the instruction given was erroneous. It permits the jury to take into consideration items not a part of market value, such as the landowner's circuity of travel between the two tracts, and cost of acquiring new access. Such items are not necessarily recoverable in an eminent domain action, for a market may otherwise exist for the land without regard to appellees' access.

Reversed and remanded.

GEORGE ROSE SMITH, J., concurs.