ARKANSAS STATE HIGHWAY COMM'N *v.*
BILL WOODY ET UX

5-5177                                              453 S. W. 2d 45

Opinion delivered May 4, 1970

*Thomas B. Keys* and *James N. Dowell,* for appellant.

*Wayland A. Parker,* for appellees.

GEORGE ROSE SMITH, Justice. In this condemnation suit the highway department is acquiring a 24.07-acre strip of land needed in the relocation and improvement of Highway 71 in Sebastian county. The taking divides into two parts what was previously a 135-acre farm. The landowner Woody fixed the total damages at $45,-000. His expert witness, Glenn West, put the figure at $32,275.50, which was precisely the amount of the jury's verdict. Witnesses for the highway department testified to total damages of about $9,000.

For reversal the highway department argues that the trial court erred in refusing to strike (a) the entire value testimony of the landowner, (b) the entire value testimony of the witness West, (c) the landowner's testimony as to the damage to his house, and (d) West's testimony upon the latter point. For convenience we will discuss the first two arguments together and the last two together.

First, it is certainly true that in some instances a witness's entire value testimony is so lacking in substance as to be subject to a motion to strike. That was true in *Ark. State Highway Commn.* v. *Darr,* 248 Ark. 730, 437 S. W. 2d 463, where Mrs. Darr had no reasonable knowledge of market values in the community. It was true in *Ark. State*

*Highway Commn. v. Stanley,* 234 Ark. 428, 353 S. W. 2d 173, 4 A. L. R. 2d 749 (1962), where the landowner simply plucked an obviously exaggerated figure from the air. It was true in *Ark. State Highway Commn. v. Roberts,* decided June 9, 1969, 441 S. W. 2d 808, where the witnesses relied upon sales that were demonstrably lacking in comparability to the tract being taken.

Here the situation is decidedly different from that in the cases cited. Woody, the landowner, had lived on the property for 28 years. West, a real estate broker, had been engaged in that business for five years. Both men were qualified to give their opinions on direct examination. Both men reasonably explained their views on cross examination. They showed, for example, why part of the land along Highway 10 was valuable as possible home sites, why other parts of the farm were valuable as pasture land, and why the taking especially diminished the worth of the land left west of the new highway—that tract being almost three quarters of a mile long and tapering from a width of only 540 feet at the south end down to zero at the north end.

In the matter of comparable sales, Woody had sold a less desirable seven-acre tract across Highway 10 for $3,500—a price comparing reasonably to the values fixed by Woody and West on the witness stand. Counsel for the highway department insist that the tract was actually 12 acres, reducing the selling price to about $300 an acre, but the record is by no means clear on this point. The department produced no proof about the size of the tract. As we read Woody's testimony, he admitted that the purchasers thought the tract to be more than seven acres, but he did not accept that view. His statement that the tract was "probably a little more" than a certain size can be read in context to mean either a little more than seven acres or a little more than 12 acres. On the record as a whole the jury may fairly have concluded that the sale had been for a price of about $500 an acre. Without detailing the proof at length, we think it enough to say that the

trial court was fully justified in refusing to strike the value testimony of Woody or that of West.

Secondly, it is argued that the court should at least have stricken the testimony of both men about the damages to the landowners' house. There are two answers to that contention. One, the jury could have found that the dwelling will be diminished in value by the new right-of-way's cutting across the yard and by the lights from traffic at an intersection that did not previously exist. See *Ark. State Highway Commn.* v. *Davis,* 245 Ark. 813, 434 S. W. 2d 605 (1968), with respect to damage from the lights from traffic. Two, with regard to both Woody and West the highway department attorney moved to strike the testimony about the damage to the house because the witness "has taken an improper element of damage into consideration" in assessing the damage to the house. In fact, Woody had mentioned two elements of damage; West had mentioned four or five. In both instances at least one of the elements mentioned by the witness was a proper matter to go to the jury. Hence the general reference to one unspecified element of damage did not pinpoint the matter for the trial court's determination. In that connection we have pointed out that the witness should be afforded an opportunity to specify the amount of money attributable to the improper element of damage. *Ark. State Highway Commn.* v. *Wallace,* decided September 22, 1969, 444 S. W. 2d 685. That precaution was not taken here.

What we have said also answers the appellant's final contention, that there is no substantial evidence to support the amount of the verdict. We find the testimony of both Wood and West to be substantial.

Affirmed.