ARKANSAS STATE HIGHWAY COMM'N *v.*
W. F. LEMLEY ET AL

5-5384                                    464 S. W. 2d 605

Opinion delivered March 15, 1971

*Thomas B. Keys* and *James N. Dowell,* for appellant.

*Gordon, Gordon & Eddy* and *Williams & Gardner,* for appellee.

CONLEY BYRD, Justice. This eminent domain proceeding was before this court in *Arkansas State Highway Commission* v. *Lemley,* 247 Ark. 201, 444 S. W. 2d 692. On retrial the jury fixed just compensation at $12,000. For reversal, the Highway Commission relies upon the following points:

"1. The trial court erred in refusing to strike the before the taking value testimony and the resulting damage testimony of Mr. Roy Jackson on the basis that he gave no substantial evidence upon which to predicate his land values.

2. The trial court erred in refusing to strike the testimony of Mr. Jackson with reference to drainage damages that were not plead as special damages.

3. The trial court erred in refusing to strike that portion of Mr. Jackson's testimony as to the east 40 acres of land on the basis that this is a separate tract of land; that there was no taking from this portion of land; and that any impairment of access to a separate tract would not be compensable.

4. The trial court erred in allowing Judge Tom Scott to testify as to the cost of acquiring new access.

5. The trial court erred in refusing to strike Mr. C. V. Barnes' testimony with reference to damage based upon circuity of travel, a non compensable element.

6. The trial court erred in refusing to strike Mr. Barnes' testimony with respect to damages to the separate tract.

7. The trial court erred in refusing to strike Mr. Barnes' inconsistent and improper testimony relating to damages to the remaining land wherein he valued the land in the taking as a separate unit of value, damaging the remaining lands on a basis of their value to the whole.

8. The trial court erred in giving appellees requested instructions A and B.

9. The verdict is not supported by substantial evidence and is excessive."

Points No. 3, No. 6 and No. 8 were held adversely to appellant upon the first appeal and have become the law of the case.

Point No. 4, upon substantially similar testimony, was ruled adversely to appellant in *Arkansas State Highway Commission* v. *Darr*, 248 Ark. (May 18, 1970), 453 S. W. 2d 719.

Neither do we find merit in Point No. 2. Identical testimony about the drainage problem was elicited on the first trial—thus putting appellant upon notice of the nature of the claim. Furthermore, the drainage problem was restricted to acknowledged residual lands and was properly admitted as part of the claim for severance damages.

Mr. Roy Jackson testified that he and Lemley bought these lands in 1945. After qualifying as an owner and as an expert on land appraisals, Mr. Jackson valued the 120 acres of Section 33 at $3,200 before the taking and an after value of $1,500. He valued the 40 acre tract in Section 34 at $8,000 before and $3,000 after the taking. Because Jackson placed a before value of $200 per acre on the woodland and did not support this value by comparable sales of woodland, appellant now argues that his valuation is without substantial support. We find no merit in this contention. Jackson, among other things, compared the fertility of woodland areas with that of surrounding farm lands and testified about cost of clearing. No question is raised about his valuation of the open lands.

Mr. C. V. Barnes testified that before the taking the 120 acre tract abutted upon Highway No. 64, but after the taking, the property was left in two separate and distinct parcels of land. The owners can not cross the Interstate to reach the south 40 acres from the north 66 acres. The 66 acres left on the north side of the Interstate is four and a half miles farther from Morrilton than before the Interstate construction. It is also a mile and a half further from a paved road than before construction. Furthermore, there is no public access to the

north 66 acres since the taking. Based upon his experience and study of the market in the area, Mr. Barnes arrived at a before value of $30,000 for the 120 acre tract and an after value of $18,000.

On cross-examination Mr. Barnes stated that he did not place a separate value on the 40.8 acres south and west of the Interstate in arriving at his after value. He considered it one parcel before the taking and as one unit after the taking. Although the 40.8 acres still had access to Highway 64 and was severed from the north 66.48 acres by the Interstate, he did not analyze the south 40.8 acres by itself. On the whole remaining 107.28 acres he ascribed $170 per acre in round figures.

We agree with appellant that the trial court should have struck that portion of Barnes' testimony relating to the damage to the remaining lands. Ordinarily non-contiguous lands cannot be valued as a unit. The exception is upon a showing of a unity of use. See *Kansas City So. Ry. Co. v. Boles,* 88 Ark. 533, 115 S. W. 375 (1908). Barnes' testimony here demonstrated that the north 66.48 acres was left without public access and that even if such access were provided there would still be a considerable circuity of travel to get from the south 40.8 acres. In view of the fact that Barnes described the highest and best use of the lands before the taking as an owner occupied and operated agricultural unit and the fact that he described the south portion as a relatively small unit, we find nothing in his testimony by which one could say that the two parcels constituted a unit for valuation purposes after the taking. Furthermore, since the south 40.8 acres still has the same access that it had before, it certainly has not sustained any damage from lack of public access. Yet the method of averaging values used by Barnes would ascribe also damages to the south 40.8 acres for lack of public access.

The cardinal rule in eminent domain cases involving partial takings is the difference in values of lands before and after the taking. The per acre value of agricultural lands on either side of an Interstate may be and usually is as much after the taking as before the

taking. However, this does not mean that two separated parcels operated as a unit are worth as much per acre because of circuity of travel, access and location of improvements. This is particularly true of relatively small plots.

Appellant also argues that Barnes' testimony with reference to circuity of travel should have been stricken. We find no testimony of Barnes that ascribes damages to circuity of travel. All we can find is Barnes' statement that the north 66 acres after the taking is farther from the City of Morrilton and a paved road. These are matters that ordinarily affect value of lands and we hold that the trial court did not err in so ruling.

Reversed and remanded.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I would affirm this judgment. Roy Jackson testified that the difference in value amounted to $22,000. No infirmities are found in that testimony. It affords ample support to the jury verdict without regard to the Barnes testimony, as I will subsequently attempt to illustrate. Regardless of this, however, I submit that there was no reversible error in the trial court's refusal to strike Barnes' testimony as to severance damage. The reason given for reversal in the majority opinion is not the basis of appellant's argument, and does not seem to me to have support in the record. We have uniformly refused to reverse a trial court's action for a reason not argued by the appellant. *Cummings* v. *Boyles*, 242 Ark. 923, 415 S. W. 2d 571; *Fancher* v. *Baker*, 240 Ark. 288, 399 S. W. 2d 280, 16 A. L. R. 3d 1383. In such a situation we decide the appeal on the basis of objections argued here and consider all others waived. *Kane* v. *Carper-Dover Merchantile Co.*, 206 Ark. 674, 177 S. W. 2d 41. Errors relating to admission of evidence not argued on appeal are considered as waived. *Harris* v. *Edwards*, 129 Ark. 253, 195 S. W. 1064. We have also refused to consider, on appeal, any objection not specifically made in the

trial court. *Arkansas State Highway Commission* v. *Sadler,* 248 Ark. 887, 454 S. W. 2d 325; *Nelson* v. *Busby,* 246 Ark. 247, 437 S. W. 2d 799; *Judy* v. *McDaniel,* 247 Ark. 409, 445 S. W. 2d 722; *Sandidge* v. *Sandidge,* 212 Ark. 608, 206 S. W. 2d 755; *Wade* v. *Goza,* 78 Ark. 7, 96 S. W. 388. We have also said that a motion to strike part of the value testimony of a witness must sufficiently pinpoint the objectionable part for the trial court's action before error can be predicated upon denial of the motion. *Arkansas State Highway Commission* v. *Woody,* 248 Ark. 657, 453 S. W. 2d 45.

In order to demonstrate that there is no reversible error, it is necessary to view the Barnes testimony as a whole, not just an isolated part of it. *Arkansas State Highway Commission* v. *Pruitt,* 249 Ark. 682, 460 S. W. 2d 316. He stated that the 120-acre tract had 50 acres of woodland on the north end and 70 acres of open land on the south. The 120 acres fronted on U. S. Highway 64. He described the soil characteristics and topography of the tract. Its highest and best use, according to him, was for an owner-occupied and operated agricultural unit. He ascribed a value of $30,000 to the entire 120 acres. Barnes described the 12.72 acres taken as running diagonally through this tract, having a length of 1,830 feet and a width varying from 300 to 320 feet. He valued this tract at $3,800. The taking, according to him, severed a farm road running through the property and eliminated a protecting levee. The remaining 107.28 acres consisted of 40.8 acres, south and west, and 66.48, north and east, of Interstate Highway 40. These two tracts were effectively severed, said Barnes, to the extent that an additional 3,700 feet of turnrows on each side of the new highway would be necessary to cultivate the lands, which would also be left in irregular shapes and thus more difficult to cultivate. He considered the south residual a relatively small unit. According to him, the highest and best use after the taking was the same as before, except for diminished adaptability and the inaccessibility of that portion of the tract lying north of the new highway. He put a value of $18,200 on the remaining 107.28 acres, making a difference of

$11,800, which he said would include the value of the lands taken. In addition to the diminution of accessibility and adaptability of the remaining lands, and the reduction in productive acreage attributable to necessity for additional turnrows, Barnes said there would be an increased operating cost and a loss of unity of use of the property. He also pointed out the loss of the headquarters on the 120-acre tract, only a part of which was left on the 40-acre residual.

Barnes considered the damage to the separate 40-acre tract at $1,200 based upon a value of $150 per acre before the taking and $120 per acre thereafter. Thus, $5,000 of his total damages was arrived at without regard to the value of the remainder of 107.28 acres.

The only objection which is in any way related to this point for reversal is appellant's motion to strike, reported as follows:

> I would like to make a motion to strike that portion of this witness' testimony relating to damages to the remaining lands, the $80.00 per acre, and also the value of the lands in the taking, the $300.00 per acre, because the witness is valuing the land in the taking as a separate unit of value, whereas he is damaging the remaining lands on a basis of their value to the whole. This is inconsistent and improper, and his testimony in this regard should be stricken.

This motion accounts for the wording of appellant's point for reversal but hardly for its argument here. Appellant's entire argument on this point follows:

On cross-examination, Mr. Barnes testified as follows:

Q. What per acre value after the taking did you place on the south 40 acres south of the Interstate—south and west of the Interstate?

A. I didn't place a separate value on the 40.8 acres south. I considered the 107 acres of the 120 acres all together as one parcel.

Q. As one parcel?

A. It was one parcel before the taking, so I considered it as one unit after the taking.

Q. Isn't this a completely separated and controlled access facility?

A. Yes, sir. It is one unit cut in two pieces.

Q. You didn't arrive at an after value per acre on the south 40 acres?

A. No, sir.

And later:

Q. You didn't ascribe any specific value to the 120 acres on a per acre basis?

A. On the whole 107.28 acres, I did.

Q. How much?

A. $170.00 in round figures.

Q. $170.00?

A. $18,200.00 which I ascribed to the land remaining in the 120 acre parcel figures approximately $170.00 per acre.

Q. Did you set $250.00 on the before value on the 120 acre tract?

A. That's right.

The fallacy of such a determination of value is pointed out in Nichols on Eminent Domain, Third

Edition, Section 17.1 (4) at page 106, 1969 Cumulative Supplement:

> "Similarly, where a parcel of land consists of segments which have different values, it is improper to average the values and apply such averages to the entire parcel. This is especially applicable in partial takings."

The majority opinion says that the testimony should have been stricken because Barnes valued the remainder as a unit. This is a complete departure from the reason assigned by appellant. Appellant has never made any such objection. Reversal for a reason not urged in either the trial court or in this court, is a novel procedure.

If we but look at the above testimony and argument, it should be obvious that appellant showed no ground for reversal for the reason assigned in its objection. There was absolutely no evidence that the two segments had different values, or that Barnes averaged the values and then applied the averages to the entire parcel. Of course, it was proper for the witness to state separately the value of the lands taken. *Arkansas State Highway Commission* v. *Stallings*, 248 Ark. 1207, 455 S. W. 2d 874; *Arkansas State Highway Commission* v. *McAlister*, 247 Ark. 757, 447 S. W. 2d 649; *Young* v. *Arkansas State Highway Commission*, 242 Ark. 812, 415 S. W. 2d 575. He was specifically asked to do so on cross-examination.

Assuming, however, that the motion was proper and that it should have been granted, this would not have resulted in striking all the testimony of this witness. As pointed out above, a substantial part of Barnes' testimony was admissible. Consequently, any error in this regard does not necessarily call for a reversal, since there was other substantial evidence as to severance damage to support the verdict and Barnes' testimony would have been properly considered, in any event, as to the 40-acre tract and as to the value of the part taken. See *Arkansas State Highway Commission* v. *McAlister*, supra; *Arkansas State Highway Commission* v. *Stallings*,

supra; *Arkansas State Highway Commission* v. *Ormond,* 247 Ark. 867, 448 S. W. 2d 354.