## JOE WARREN ET UX *v.* DEBBIE WARREN

5-6013                                484 S.W. 2d 880

Opinion delivered October 2, 1972

*Dale W. Finley,* for appellants.

*John Harris,* for appellee.

GEORGE ROSE SMITH, Justice. The appellants bought a $3,500 automobile for their young son Stanley and put the title in his name, retaining possession of the certificate of title. A few months later Stanley, then 23, married the appellee, then 16, with her mother's consent. During the brief marriage, which ended within a few days without consummation, Stanley took the certificate of title from his mother's papers and gave the car to his bride, with the title being reissued in her name. The appellants do not question their son's intention to give the automobile to his wife.

After the appellee filed an action for divorce the appellants brought this suit to recover the car. Stanley's mother testified that the title to the vehicle was put in the son's name "for insurance purposes," to protect the elder Warren from being responsible. Mrs. Warren stated that her son was allowed to treat the car as his own, but he was not to have any authority to dispose of it. Mr. Warren did not testify.

The chancellor refused to disturb the appellee's ownership, holding that as between the two couples the car

belonged to Stanley at the time he gave it to his wife. We do not find the chancellor's decision to be against the weight of the evidence. The appellants came into a court of equity in the manifestly inconsistent position of having sought on the one hand to retain the real ownership of the automobile while endeavoring on the other to be ready to defraud innocent members of the public by making it appear that their financially irresponsible son was in fact the owner. There is no sound reason for a court of conscience to rescue the appellants from a predicament of their own making. See *McClure* v. *McClure*, 220 Ark. 312, 247 S.W. 2d 466 (1952).

Affirmed.