Anne Caroline MELVIN *v.* Cecil N. MELVIN

CA 80-172                                        606 S.W. 2d 90
Court of Appeals of Arkansas
Opinion delivered October 1, 1980

*Davis, Bracey & Heuer, P.A.*, by: *Sam T. Heuer*, for appellant.

*Pearson & Woodruff*, by: *Priscilla Karen Pope*, for appellee.

MARIAN F. PENIX, Judge. Cecil Melvin sued for divorce from Anne Melvin. Anne counterclaimed and was awarded a Decree of Divorce. The Court made a property division by which he granted Cecil the Winnebago motor home, $7,007.69 for sums advanced by Cecil to pay off the mortgage indebtedness on Anne's property and $14,279.01 for improvements made by Cecil on Anne's property. Anne appeals these portions of the decree.

In August 1978 Cecil transferred title to his 1978 Winnebago motor home to Anne. He also made improvements to Anne's home. He fenced her yard, installed central air conditioning and a railing around the front porch. Cecil also paid off the first mortgage indebtedness on Anne's house. The parties married in December 1978 and began to reside in Anne's house in Springdale. In March 1979 they contracted for some remodeling to be done to the house and work was begun on same. In May, before the remodeling work was completed,

the couple separated. Cecil filed for divorce and Anne counterclaimed.

Anne contends it was error for the Court to award the Winnebago to Cecil. In order to finish up the remodeling started on Anne's home she borrowed $10,000.00 and secured the loan by the title to the Winnebago. The Court, in awarding the Winnebago to Cecil, ordered Anne to satisfy the $10,000.00 indebtedness against the Winnebago. Anne argues the Winnebago is not marital property because it was a gift to her before marriage. Anne contends since it is not marital property Ark. Stat. Ann. § 34-1214 (A) (2) would apply:

> All other property shall be returned to the party who owned it prior to the marriage, unless the Court shall make some other division that the Court deems equitable taking into consideration those factors enumerated in subparagraph (A) above, in which event the Court must state in writing its basis and reasons for not returning the property to the party who owned it at the time of the marriage.

Anne argues the Winnebago was a gift to her prior to marriage.

The parties went on trips together in the Winnebago in the summer of 1978. They became engaged. However, prior to marriage Cecil asked for return of his engagement ring and set out for California in the Winnebago with a Ms. Bascom whom he married. That marriage lasted 10 days. In an effort either to regain Anne's affection or to avoid Ms. Bascom's getting the Winnebago, Cecil transferred title to Anne.

The Trial Court found that the transfer of title to the Winnebago was solely to attempt to avoid Cecil's former wife receiving it in a divorce decree. The evidence surrounding this transaction is controverted. The Court found that the general understanding at the time of the transfer was that it would be transferred back to Cecil at some time subsequent to the divorce from Ms. Bascom. Cecil's testimony was corroborated by Anne: "He didn't do it for me. He did it to protect his own interest."

We agree the evidence supports the Court's finding that Cecil intended no gift of the Winnebago to Anne. However we find Cecil is estopped from asserting any claim to the Winnebago. This transfer, by Cecil's own testimony, was effected to preclude any possible claim by Ms. Bascom. This situation is comparable to one in which a husband conveys property to his wife in order to defraud his creditors. "A husband who conveys land to his wife in fraud of creditors is not permitted to invoke the assistance of equity in setting aside the deed; he does not come into court with clean heads." *McClure* v. *McClure*, 220 Ark. 312, 247 S.W. 2d 466 (1952). A conveyance made to defraud creditors is still good between the parties. *Maupin* v. *Gaines*, 125 Ark. 181, 188 S.W. 2d 552 (1916). Ms. Bascom alone, or another creditor, has the necessary standing to attack this conveyance. Therefore the parties, Anne and Cecil, must be left in the position they now occupy. Title to the Winnebago remains with Anne.

Anne has argued the Chancellor's judgment of $7,007.69 to Cecil for money he spent to satisfy the first mortgage on Anne's home amounted to an equitable mortgage and is in error. We find no indication the Chancellor intended this judgment to be an equitable mortgage. There is no deed nor written instrument between the parties. He awarded Cecil a judgment which constitutes a lien on Anne's property. The testimony regarding Cecil's paying off the mortgage is contradictory. Cecil contends he paid off the mortgage in contemplation of marriage and expected to have the place in which to reside. Actually he lived there only five months. He never clearly stated he expected one-half interest in the house — however, it isn't reasonable to conclude he didn't expect anything, nor is it reasonable for Anne to believe the payment of the mortgage indebtedness was an outright gift. In reviewing the testimony and the record we find substantial evidence to support the Chancellor's judgment.

Anne contends the Court erred in awarding Cecil $14,-279.01 for improvements and repairs which Cecil made to Anne's house. Anne argues improvements made by a husband on a wife's property creates a rebuttable presumption the improvements are a gift and do not imply a promise on the part of the wife to repay such. The cases cited by Anne

hold the presumption of a gift can be overcome only by clear and convincing evidence. *Smith* v. *Smith*, 227 Ark. 26, 295 S.W. 2d 790 (1956).

The evidence in the case at hand is clear and convincing that Cecil did not intend the improvements and expenditures on Anne's property to be gifts. The evidence reflects Anne's pressure upon Cecil to buy her expensive gifts and to spend large sums of money on improving her house. Cecil spent over $30,000 during the parties' relationship — which was short lived. The contractor who was doing the remodeling work testified the value of Anne's house was increased by as much as was spent on it. Anne was awarded items of personal property — diamond earrings, watch, gold necklaces, diamond ring, mink coat, Mercury Monarch, clothing and eyeglasses — with a total value of $11,000.

In discussing what is necessary to overcome a presumption of a gift from a husband to a wife in his expenditures upon the wife's realty the Court in *Kelly* v. *Kelly*, 264 Ark. 865, 575 S.W. 2d 672 (1979) said:

> . . . this court has found the presumption to be rebutted when the evidence shows that not to do so would violate principles of equity and good conscience . . . But it is not necessary that evidence be undisputed in order to be clear and convincing, if found by the fact finder to carry a clear conviction to the mind.

We find, like the Chancellor, the presumption of a gift is rebutted. In a careful review of the testimony we find the improvements to Anne's house were made in great part to please Anne, and certainly in an expectation of having a comfortable home in which Cecil would reside for a much greater period of time than five months. The money spent on Anne's home was non-marital property, not acquired since the couple's marriage, and a judgment in that amount in Cecil's favor was a proper one.

We do find error in the Chancellor's awarding the 1978 Winnebago to Cecil free of the $10,000 encumbrance. The title to the Winnebago should remain in Anne. We find no

error in awarding judgment of $7,007.69 to Cecil for non-marital funds used to pay off the mortgage indebtedness on Anne's house. We find no error in awarding judgment of $14,279.01 to Cecil for non-marital funds spent on improvements to Anne's house. We find all of the Chancellor's other findings from which this appeal arises to be supported by a preponderance of the evidence.

Affirmed in part; reversed in part.

PILKINTON, J., concurs in part, dissents in part.

JAMES H. PILKINTON, Judge, concurring in part, dissenting in part. I would affirm this case in its entirety. The majority agrees that the evidence supports the trial court's finding that Mr. Melvin did not intend to give the Winnebago to his then lady friend. There is evidence to show that Anne suggested and urged him to transfer the Winnebago to her, which he did at her request and upon her promise to reconvey. In fact, the evidence tends to show that Anne was urging Mr. Melvin to transfer *all* of his property to her at this particular time. The majority says that Mr. Melvin is estopped from asserting any claim to the Winnebago. Equitable estoppel is an affirmative defense which must be pleaded, and should not be raised for the first time on appeal especially by an appellate court. I do not view this situation as being comparable to one in which a husband conveys property to his wife in order to defraud his creditors.

The record in this case, viewed as a whole, convinces me that the trial court made the most equitable restoration and division of the properties as possible under the circumstances. The opinion of the chancellor substantially complied with the provisions of Ark. Stat. Ann. § 34-1214(A)(2) (Supp. 1979) (Act 705), and therefore I respectfully dissent to the modification and reversal in part of the trial court's decree. In all other respects I concur.