Mattie Malinda BELL *v.* Glen Carlton BELL

84-14                                    666 S.W.2d 708

Supreme Court of Arkansas
Opinion delivered April 9, 1984

*Howell, Price & Trice, P.A.,* for appellant.

*Boyett, Morgan & Miller, P.A.,* for appellee.

RICHARD B. ADKISSON, Chief Justice. This appeal was certified to this Court by the Court of Appeals pursuant to Rule 29(4)(b) as an issue of significant public interest. Appellant, Mattie Malinda Bell, and appellee, Glen Carlton Bell, were married on March 10, 1967, and lived together until they separated on April 16, 1982. Shortly after their marriage, appellant's parents conveyed a home to the couple in tenancy by the entirety. Less than a year later, appellee conveyed his interest in the home by quit-claim deed to appellant. The home remained solely in appellant's name. She put it up as security for appellee to purchase a business, and the couple had partly paid off the debt by the time of the divorce. The Prairie County Chancery Court found the conveyance of the home from appellee to appellant did not constitute a gift, and thus the home was marital property, its value to be distributed one half to each party. On appeal appellant argues that the chancellor's finding of no intent to make a gift was clearly against the preponderance of the evidence. We affirm.

On appeal the findings of a chancellor will not be

reversed unless clearly against the preponderance of the evidence, and, since the question of preponderance of the evidence turns largely on the credibility of the witnesses, we properly defer to the superior position of the chancellor. *Hayse* v. *Hayse,* 4 Ark. App. 160-B, 630 S.W.2d 48 (1982). Here the chancellor found that the quitclaim deed was not a gift from appellee to appellant but a device by both parties to ensure that appellee's former wife and children would have no claim on the property. Under the circumstances of this case, where during the marriage, both parties considered the home as joint property, we cannot say the chancellor's finding was clearly against the preponderance of the evidence.

Affirmed.

PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I cannot understand how the majority reach their decision on the facts presented in this case. Clearly the home was a gift from appellant's parents. No one would suspect the home would have been given in both names if there was any thought that the parties would later divorce. Parents often make gifts to their children and in order to be polite they include the name of the in-law. In this case after the wife's parents gave them the property the husband deeded it to his wife. The deed remained in the wife's name from March 6, 1968, to the date of this action. The property had been in her name more than seven years before Act 705 of 1979 became effective and 15 years prior to the divorce decree.

When the divorce was tried the husband then contended he only placed the property in his wife's name for the purpose of keeping his former wife and his children from making claims against it. Any person with a little intelligence and some education would know that his former wife and children could not take the property his present wife's parents had given them. It seems to me that if he intended to pull a fraud on his former wife he is now hoisted by his own petard. This very same court stated in *Fullerton* v. *Fullerton,* 233 Ark. 656, 348 S.W.2d 689 (1961):

"[W]e have held that a husband who conveys land to his wife in fraud of creditors, is not permitted to invoke the assistance of equity in setting aside the deed, for he does not come into equity with clean hands."

That was not the only case in which this court refused to lend assistance to set aside a fraudulent conveyance to a wife. See *Melvin* v. *Melvin*, 270 Ark. 522, 606 S.W.2d 90 (Ark. App. 1980) and *McClure* v. *McClure*, 220 Ark. 312, 247 S.W.2d 466 (1952). A conveyance made in an effort to defraud creditors is still binding between the parties. *Maupin* v. *Gains*, 125 Ark. 181, 188 S.W. 552 (1916).

If the home was conveyed to the wife as a gift it is still binding on the appellee. Where the husband voluntarily conveys property to his wife, or causes it to be conveyed to her, it is presumed to be a gift, even if he uses his own money to purchase the property. *Mayers* v. *Lark*, 113 Ark. 207, 168 S.W. 1093 (1914). This court also stated in *Fullerton* v. *Fullerton*, supra:

We have many times held that where a husband purchases and pays for lands, taking the deeds therefor in the name of his wife, there is a presumption of a gift to her.

I see no need to cite additional authority because the law is quite plain. It needs no further comment by me. I will end by pointing out that we also have a statute, Ark. Stat. Ann. § 50-413 (Repl. 1971), which I think requires a reversal of this case. The statute is as follows:

Deeds between husband and wife. — Any deed of conveyance of real property located in this State, executed after the passage of this act [§§ 50-413, 50-414] by a married man directly to his wife or by a married woman directly to her husband, shall be construed as conveying to the grantee named in such deed the entire interest of the grantor in the property conveyed, or the interest specified in the deed, as fully and to all intents and purposes as if the marital relation did not exist

between the parties to such deed. [Acts 1935, No. 86, § 1, p. 212; Pope's Dig., § 1866.]

There is no necessity for me to explain this statute because it speaks for itself. Just for good measure read *Sandidge* v. *Sandidge*, 212 Ark. 608, 206 S.W.2d 755 (1947).

HOLLINGSWORTH, J., joins in this dissent.