Fortenberry *vs.* Frazier et al.

---

## FORTENBERRY *vs.* FRAZIER ET AL.

Whatever is before the Supreme Court, and disposed of in the exercise of its appellate jurisdiction, is considered as finally settled. The inferior Court is bound by the judgment or decree, as the law of the case, and must carry it into execution according to the mandate.

The inferior Court cannot vary it, or judicially examine it, for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court, even where there is error apparent, or in any manner intermeddle with it, further than to execute the mandate, and settle such matters as have been remanded, not adjudicated by the Supreme Court.

After a case has been decided by the Supreme Court, and remanded to the inferior Court, and is again brought before the Supreme Court, nothing is before the Court for adjudication, but the proceedings subsequent to the mandate.

Where, on error to one Circuit Court, this Court decided that the venue in the case had been legally changed to another county, and that the Circuit Court of the latter alone had jurisdiction of the case, and that, therefore, proceedings had in the former Court subsequent to the change of venue, were void; and so remanded the case for further proceeding, the Court below, after receiving the mandate, could do nothing more than cause a transcript to be sent to the Court to which the venue had been changed, and properly struck the case from the docket.

And this was its duty, even if the decision of this Court was erroneous, owing to the order changing the venue having been made by an incompetent person or court.

THIS cause was diposed of in the Independence Circuit Court, in June, 1842, before the Hon. THOMAS JOHNSON, one of the circuit judges. It had been previously before this Court, 4 *Ark.*, when

the judgment of the Independence Circuit Court was declared void, on the ground that the venue had before been, by order of that Court, changed to Van Buren county, and the papers transmitted, but returned for a perfect transcript. This Court accordingly remanded the case, with a mandate that it be proceeded in agreeably to law, and consistently with the opinion.

When the mandate was presented to the Independence Circuit Court, the case was, on motion of the defendant there, stricken and dismissed from the docket. The plaintiff then moved the Court to set aside this order, and re-consider its decision, on the ground that the venue never was changed legally to Van Buren county, inasmuch as the judge who presided when it was changed, had no right to hold the Court, and the proceedings before him were *coram non judice.* This motion the Court overruled. The plaintiff then filed a bill of exceptions, setting out, *in full,* the judgment of the Supreme Court and the motion to dismiss, and the petition and proceedings in regard to the change of venue filed and had before the case came first to this Court. He then appealed.

*Linton,* for the appellant.

*Fowler,* contra. The record originally brought up to this Court, and now remaining herein, must be taken as conclusive. This Court will neither go behind its former judgment to inquire into facts, nor reverse that judgment for a supposed state of the record different from that already passed upon. That which has already been certified to be a true transcript of the record, cannot be contradicted by a subsequent proceeding in this manner. A bill of exceptions can in no case be admitted to contradict the record. The province of a bill of exceptions is to place upon the record that which, in the ordinary cause of proceeding, would not be made a part thereof. That which is already a part of the record, never can legally be incorporated therein a second time by a bill of exceptions, and the bill of exceptions so called in this case, is no part of the record whatever, and cannot be noticed as such. *Vide Bradburn vs. Taylor,* 1 *Wils. Rep.* 85. 1 *Str. Rep.* 684. *Ld. Raym.* 1414.

*By the Court*, RINGO, C. J. Before we proceed to consider the matter presented by the transcript of the record before us, we think proper to state our opinion of the course which the law prescribes for this Court to pursue where it has adjudicated upon a case brought within its appellate jurisdiction, as well as that which the Court, whose adjudication has been thus revised, is bound to observe.

Appellate power is exercised by the Supreme Court over the proceedings of inferior courts—not by the latter on those of the former. The Supreme Court, except where bills of review, in cases in equity, and writs in the nature of a writ of error *coram nobis*, in suits at law, may be prosecuted, possesses no power to review, revise, or reform its adjudications and opinions after the expiration of the term in which they are pronounced and recorded, unless they are suspended by an order made at that term; and they irrevocably conclude the rights of the parties thereby adjudicated. Whatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated by the Supreme Court. *Skillern's Ex'rs vs. May's Ex'rs*, 2 *Pet. Cond. Rep.* 366. *Ex-parte, Sibbald vs. The United States*, 12 *Pet. Rep.* 488. *Ex-parte Story*, *ib.* 339.

After a case has been decided by the Supreme Court, and remanded to the inferior court, and is again brought before the Supreme Court, nothing is before the Court for adjudication but the proceedings subsequent to the mandate. *Hirnely vs. Rose*, 2 *Pet. Cond. Rep.* 260. *The Santa Maria*, 6 *Pet. Cond. Rep.* 176. *Boyce's Ex'r vs. Grundy*, 9 *Pet. Rep.* 290.

The principles above stated are, we think, conclusively established by the authority of adjudged cases. And any departure from them would inevitably mar the harmony of the whole judiciary system, bring its parts into conflict, and produce therein disorganization, dis-

*Fortenberry vs. Frazier et al.*

order, and incalculable mischief and confusion. Besides, any rule allowing the inferior courts to disregard the adjudications of the Supreme Court, or to refuse or omit to carry them into execution would be repugnant to the principles established by the constitution, and therefore void.

The transcript of the record upon which this Court adjudicated the case at the January term, 1842, was regularly and legally certified by the proper officer, and from it, the fact that Judge Hoge, a person not authorized to preside in the Circuit Court of Independence county, assumed to sit in that court, and was in fact upon the bench, and made the order to change the venue in this case, did not appear; but that order, as well as the other proceedings in the case, appeared by that transcript to have transpired in the court, with the proper judicial sanction. No diminution of the record was suggested by either party; none was apparent on the face of the transcript; and this Court was bound to consider it as true and complete, and proceed upon it to adjudicate the case. The Court had no alternative; and the order changing the venue of the case appearing to have been made by competent authority, and in pursuance of law, that court was of course considered as divested of all jurisdiction of, and power over, the case, from the date of that order; and so this Court decided and vacated, or, more properly speaking, declared void its judgment thereupon subsequently pronounced, and remanded the case for further proceedings to be had therein according to law, and not inconsistent with the opinion then delivered.

In executing the mandate of this Court, the Circuit Court of Independence county could legally do nothing more than cause a properly certified transcript of the proceedings had in the case in that court previous to, and inclusive of, the order changing the venue therein, to be made out and transmitted, according to the provisions of law in such case provided, to the Circuit Court of Van Buren county, which by the change of venue had become invested with the jurisdiction of the case; and that court, but no other, could take cognizance of it, and was bound by law to adjudicate and determine it. We are, therefore, clearly of opinion the Circuit Court of Independence county committed no error in refusing to take cognizance of the case, and

dismissing or striking it from the docket. The Circuit Court of Van Buren county was legally invested with the jurisdiction over it; and to that tribunal the parties were bound to resort for the adjudication thereof. And if the clerk, whose duty it was to certify and transmit to the court to which the venue had been changed, the original papers and a transcript of the record in the case properly certified, had neglected or refused to discharge the duty in such case enjoined upon him by law, its performance would doubtless have been coerced on the proper application of either party.

But however irregular or illegal the proceedings may have been in fact, as respects the change of venue, the question in regard thereto had been expressly adjudicated and finally settled by this Court, and could not again be judicially examined, reviewed, or revised by either the Circuit Court of Independence or Van Buren county. They were respectively bound to observe and execute the mandate.                    Decision affirmed.