RUDOLPH *v.* KELLY.

Opinion delivered May 31, 1920.

1. SALES—EVIDENCE NOT GERMANE TO ISSUE.—Where the issue in an action of replevin to recover a Ford touring car was whether plaintiff had sold the car to defendant for a tract of land, testimony as to the value of the land, and as to the consideration originally paid for such land, was properly excluded as not germane to the issue.

2. PLEADING—INCONSISTENT CLAIMS.—In an action to recover an automobile alleged to have been exchanged for land, plaintiff will not be heard to contend on the one hand that he did not sell the car, but, on the other hand, if he did sell the car defendant made false representations.

Appeal from Clark Circuit Court; *George R. Haynie,* Judge; affirmed.

*McMillan & McMillan,* for appellant.

1. Even though plaintiff did agree to trade the car for the land, he rescinded the sale, and had a right to rescind for fraudulent misrepresentations as to the value of the land that were material and that he acted upon them and was injured. Defendant knew his representations were false and fraudulent. 123 Ark. 492; 52 *Id.* 30.

2. Defendant obtained the land under false pretenses. Plaintiff had the right to rescind for the fraud perpetrated on him, and the court erred in excluding the testimony offered and in its instructions to the jury.

*W. H. Mizell* and *D. D. Glover,* for appellee.

The only question here is, was there a trade made by Kelley and Rudolph? This was a question of fact, which was submitted to a jury under proper instructions, and there was no error in admitting or excluding evidence. The verdict is final and conclusive. The cases cited by appellant are not in point.

WOOD, J. This action was brought by the appellant against the appellee to recover the possession of a Ford touring car.

The appellant alleged that he was the owner and entitled to the immediate possession of the car; that it was worth $500; that the appellee upon demand of appellant refused to surrender the same.

The appellee denied the allegations of the complaint and alleged that he had been damaged by the wrongful bringing of the suit in the sum of $500, for which he asked judgment.

The facts, which the testimony on behalf of the appellee tended to show, are substantially as follows: Appellant was a dealer in automobiles. The appellee owned a Chevrolet car and proposed to the appellant to trade him the same for a Ford. This the appellant re-

fused. The appellee gave his Chevrolet and the sum of $50 to Charley Allen for a 40-acre tract of land near Arkadelphia, Arkansas. While the appellee was negotiating for this land, the appellant told him that if he could make the deal with Allen for the land appellant would give the appellee the Ford car for the land. After the appellee had bought the land, he and his wife made the deed to the appellant. While appellee was negotiating for the land, the appellant told appellee that he was going away, and that appellee could make the deed and deliver it to appellant's agent, Thompson, who was authorized to receive it. The appellee delivered the deed to appellant's agent, who delivered to appellee the Ford car.

The facts, which the testimony on behalf of the appellant tended to show, are substantially as follows: When appellee proposed to trade appellant 40 acres of land for appellant's Ford car, appellant told appellee that he might make the trade if the land was all right. Appellee said it was a 40-acre tract of good land; that the timber had never been cut over, and he thought it was worth $400. Appellant let appellee have the car in controversy for the purpose of delivering appellee's Chevrolet, which appellee had traded for the land. Appellee never brought the car back. Appellant was to get a note secured by the land and a Ford car. Appellant had never seen the land at the time he agreed to take same in trade for the car. The appellant did not trade the car for the land. Appellee did not make the deed to the appellant before he, appellee, took possession of the car. Appellee had the car in his possession which appellant had loaned him, and when appellant got back from Hot Springs he found that appellee had left the deed with appellant's agent, Thompson. Appellant denied that he had instructed his agent, Thompson, to deliver the car and accept the deed in his absence.

Appellant testified that the car in controversy was taken in on trade for a Dodge car from one Brewer, the understanding being that he, appellant, or Brewer, had

the right to dispose of it for $500, the amount of the balance Brewer owed on the Dodge car. The effect of appellant's testimony was that he did not own the car in controversy at the time he loaned the same to the appellee; that it was only left with him by Brewer to secure appellant in the sum of $500, for the balance of the purchase money due him from Brewer for a Dodge car, which either he or 'Brewer had the right to sell; that appellant loaned the car in controversy to the appellee; that appellant was contemplating a trade of the car with the appellee for 40 acres of land provided the appellee obtained the land, but that the trade between the appellant and appellee had not been consummated at the time appellant left for Hot Springs. The trade between appellant and appellee, according to appellant's version, was that he was to sell appellee the car for $500 and take the appellee's note for same secured by the land and the car.

The appellant offered to prove by Charlie Adams the value of the land which appellant sold to the appellee. The court refused to admit this testimony, to which ruling the appellant excepted.

The appellant further offered to show by witness Allen that at the time he traded the land to the appellee for the Chevrolet car, appellee represented that he had the right to sell the Chevrolet; that at that time one Dr. Moore held a $75 ownership note against the car which appellee traded to Allen for the land.

The court refused to allow this testimony, to which ruling the appellant duly excepted.

The trial resulted in a verdict and judgment in favor of the appellee. From that judgment is this appeal.

The court did not err in its rulings. The offered testimony was not germane to the issue between the appellant and the appellee. The offered testimony related to issues that were entirely collateral. The clear cut issue between the appellant and the appellee, as set forth by the pleadings and the testimony of the parties respectively, is, whether or not the appellant had sold the auto-

mobile in controversy to the appellee for the tract of land conveyed by the appellee to appellant.

Appellant set up in his complaint that he was the owner and entitled to immediate possession of the automobile. He grounded his ownership and right to possession on the following testimony: "The trade was, I was to get a note secured by the land and the Ford car. I loaned him the car to go make the trade with Mr. Allen and deliver the Chevrolet to Mr. Allen." In his rebuttal testimony, the appellant again stated, "The trade is like I stated it was in my original statement. I did not trade the car for the piece of land."

On the other hand, appellee denied that the appellant was the owner of the car and testified in part: "I traded my land for the car. I got the land from Charlie Allen. Traded Allen a Chevrolet car and Allen made me a deed to the land; it was a fractional forty, but the same land traded to me by Allen was traded to Rudolph. We made an even trade. The land for the car."

The appellant will not be heard to say in one breath, "I did not sell the car," and in the next breath, "But if I did sell it the appellee made false representations which caused me to do so, and the appellee consequently had no title to the land which he gave me in consideration for the automobile." A party will not be allowed in this manner to play fast and loose in a lawsuit. The positions which appellant thus asks the court to allow him to assume in this litigation were wholly inconsistent with each other. Furthermore, even if the appellant had set up that there was a sale of the automobile and that the consideration therefor had failed on account of the deceit and fraud of the appellee, there is no testimony whatever in the record to sustain such contention. There is no testimony to prove that if the sale was made, which was asserted by the appellee and denied by the appellant, the consideration failed because the appellee had no title to the land. On the contrary, the undisputed evidence shows that his title to the land was complete.

The issue and the only issue between the appellant and the appellee was submitted to the jury under correct instructions. There was evidence to sustain the verdict.

Affirmed.