HAZELRIGG v. THE ENTERPRISE BOX COMPANY.

4-7518                                      185 S. W. 2d 709

Opinion delivered February 5, 1945.

---

*Culbert L. Pearce,* for appellant.

*Elmo Taylor* and *Wm. H. Roth,* for appellee.

HOLT, J. On November 24, 1941, appellant sued W. M. Manor on an open account in the White circuit court. By appropriate proceedings, appellant attached certain personal property belonging to Manor. Service was had by a warning order. On December 16, 1941, the attached property was sold and a report filed by the sheriff.

Interventions were filed in this suit. Two of the interveners, the Security Bank and the John Deere Plow Company, were conceded to be secured creditors and entitled to priority over appellant. The Enterprise Box Company, Inc., appellee, on November 29, 1941, intervened and claimed priority over appellant by virtue of a prior judgment in the amount of $138.82 procured against Manor prior to appellant's claim.

On February 4, 1942, judgment by default was rendered by the White circuit court for appellant against Manor, in the amount of $195.55. It also gave the Security Bank judgment for $107.72 and the John Deere Plow Company judgment for $60.50. The court further found that appellee, the Enterprise Box Company, Inc., held a judgment against Manor on which there was due $138.82, and that it should participate equally and ratably with appellant in the distribution of the proceeds from the sale of the attached property, after the secured claims of the Security Bank and the John Deere Plow Company had been paid, and ordered distribution as follows: "The Security Bank, on notes secured by mortgage liens— $107.72, John Deere Plow Company, on note secured by vendor's lien—$60.50, Enterprise Box Company, on its

existing judgment for $138.82—$108.08, plaintiff, on judgment for $195.55—$151.92, total—$428.22.'' Shortly thereafter, the clerk of the White circuit court made distribution in accordance with the judgment of the court.

Thereafter on February 25, 1942, W. M. Manor returned to Arkansas after a few months absence, filed motion in the White circuit court for a new trial (§ 8222, Pope's Digest), and sought damages against appellant and the sureties on her attachment bond for the alleged wrongful attachment and sale of his property. On May 8, 1942, appellant filed response.

On September 22, 1942, by consent, the cause was transferred to the White chancery court. On April 12, 1942, appellant filed demurrer to Manor's motion for a new trial, which was overruled, and on the same day a trial was had, and the court found and decreed that Manor was indebted to appellant in the amount of $195 and gave judgment accordingly, but set aside the order of the circuit court sustaining the attachment, for the reason that said judgment, which was obtained on constructive service, had been procured while Manor was temporarily absent from the state, and that his property had been wrongfully sold. The court further decreed ''that by the wrongful acts on the part of the plaintiff (appellant), the defendant (W. M. Manor) has been damaged in the total sum of $541, for which he should have judgment against her and her bondsmen, less the $100 paid out of said proceeds of sale (to the Security Bank), and $60.50 to the John Deere Plow Company. . . . That the net amount for which the plaintiff (appellant) is liable to the defendant (Manor) for the wrongful sale of his exempt property is $380, for which amount the defendant (Manor) is entitled to judgment against her and her bondsmen. . . . That the said judgment herein rendered in favor of the plaintiff (appellant) against the defendant (Manor), or any portion thereof, cannot offset the judgment of the defendant (Manor) herein, the same representing the proceeds of the defendant's property wrongfully sold by the plaintiff (ap-

pellant) which is claimed by the defendant (Manor) as exempted and which is exempted under law,'' and continued the cause as between appellant and the Enterprise Box Company, appellee.

On November 6, 1943, appellant satisfied the judgment in favor of W. M. Manor, and on December 31 thereafter, filed motion in which she sought judgment against appellee, box company, in the amount of $186.03. She alleged that ''The Enterprise Box Company received $108.08 on its judgment,'' and her prayer was that she was ''entitled to judgment against said intervener for its proportionate part of the amount she was compelled to pay to satisfy the decree rendered on the motion for new trial, which part she would not have been compelled to pay, if said intervener had not come in and compelled her to share with it in a distribution of funds derived from the wrongful sale of the attached property.''

Thereafter, appellee, box company, filed demurrer to appellant's motion, *supra,* for contribution, and on February 14, 1944, the court sustained appellee's demurrer.

Thereafter on June 28, 1944, appellant filed an amended motion with the same prayer as in the original motion, but seeking contribution from appellee in the amount of $185.94, and on July 10 thereafter, appellee demurred to this amended motion on the ground that the court lacked jurisdiction, and that the motion failed to state facts sufficient to constitute a cause of action. This second demurrer was sustained by the court, on the date on which it was filed, and appellant's motion was dismissed. Appellant refused to plead further, elected to stand on her motion, and this appeal followed.

After a careful review of the record presented, we are of the opinion that the decree of the chancery court should in all things be affirmed.

The appellant here was the moving party in this litigation. She alone sued W. M. Manor in the circuit

court on an open account, and at the same time wrong- fully caused his personal property to be attached and sold on constructive service. The appellee, box com- pany, was not an attaching creditor, but subsequent to the bringing of the suit by appellant and the attachment, intervened in an effort to protect its prior judgment against Manor. Appellant alone was the sole tort-feasor here. She it was who brought about the wrongful sale of Manor's attached property and therefore must suf- fer the consequences of her acts. The equities as be- tween appellant and appellee are not equal, and she is not entitled to contribution from appellee as prayed by her, she alone being the tort-feasor and primarily lia- ble to Manor for the wrongful seizing and sale of his property.

In 18 C. J. S., § 3, p. 4, it is said: "The principle of equity on which the right of contribution is founded can apply only in cases where the situations of the par- ties are equal, for equality among persons whose situa- tions are not equal is not equitable," and in *Taylor* v. *Joiner,* 180 Ark. 869, 24 S. W. 2d 326, this court said: "The doctrine of contribution is founded upon principles of equity, and that relief is granted only when the equi- ties are equal," and in 18 C. J. S., § 11, b. (5), p. 20, it is said: "Neither does a right to contribution exist where the tort-feasor who paid the judgment is prima- rily liable."

Finding no error, the decree is affirmed.