FARMERS COOPERATIVE ASSOCIATION, INC., v. PERRY PHILLIPS

5-4434                                            422 S. W. 2d 418

Opinion delivered January 8, 1968

*Crouch, Blair & Cypert,* for appellant.

*Little, Enfield & Lawrence,* for appellee.

GEORGE ROSE SMITH, Justice. On February 25, 1964, the parties to this suit executed a written contract under which Phillips was to grow broilers for the Co-op during the remainder of the calendar year 1964. Phillips brought this action upon the theory that the Co-op had violated the contract by failing to supply him with a batch of 40,000 baby chicks in early October. Phillips asserted that he was unable to obtain chicks elsewhere until December, so that he lost the profits he would have made upon one batch of chickens. Other facts are stated in our opinion on the first appeal and need not be repeated here. *Farmers Cooperative Assn.* v. *Phillips,* 241 Ark. 28, 405 S. W. 2d 939 (1966). The second trial resulted in a verdict and judgment for Phillips in the sum of $1,442.80.

For reversal the Co-op first argues that it was entitled to a directed verdict, on the twofold ground that there was no substantial evidence that it had breached the contract and that Phillips failed to adduce competent proof of the amount of his damages.

There are two answers to this contention. First, our prior opinion became the law of the case and is controlling upon this appeal even though we should now think it to have been erroneous (which we do not imply). *United States Annuity & Life Ins. Co.* v. *Peak,* 129 Ark. 43, 195 S. W. 392, 1 A. L. R. 1259 (1917). In that opinion we held that the complaint stated a cause of action, which necessarily means that the Co-op was under an implied obligation to furnish chicks in October. Hence the jury could find that its failure to do so was a breach of the agreement. On the matter of damages, Phillips testified that he would have received about $1,-

800 for the missing batch of chickens and that his only expense would have been a monthly electric bill of from $25 to $30. That detailing of his expenses supplies the proof that was absent on the first appeal. Upon the issue of Phillips' duty to mitigate his damages we need only point out that the burden of proof was upon the Co-op, whose evidence at most raised a jury question about Phillips's ability to obtain chicks elsewhere. *Williams* v. *Hildebrand,* 220 Ark. 202, 247 S. W. 2d 356 (1952).

Secondly, the Co-op moved for a directed verdict at the close of the plaintiff's case, but it did not renew the motion when it completed its own proof. In that situation the asserted error was waived. *Granite Mountain Rest Home* v. *Schwarz,* 236 Ark. 46, 364 S. W. 2d 306 (1963).

Next, it is argued that the court should have allowed the Co-op to prove that under the custom prevailing in the trade a grower such as Phillips was not bound by a contract like the one in issue. That proof was rightly excluded. A custom may be shown to explain an ambiguity, but it cannot be invoked to defeat the express terms of the contract. *Batton* v. *Jones,* 167 Ark. 478, 268 S. W. 857 (1925). Obviously a party to what appears to be a binding contract cannot be permitted to show that by custom other parties to similar contracts have considered them to be of no binding force.

Much the same reasoning applies to the Co-op's final contention, that the court erred in refusing its offer to prove that it was not uncommon for a supplier of baby chicks to go for as much as twelve weeks without being able to furnish chicks to its growers. That testimony was not relevant. By the law of the case the Co-op was bound to supply Phillips with baby chicks. Proof that other suppliers had at times been unable to perform their contracts would not justify the jury in concluding that in this case the Co-op should be excused

from doing what it had agreed to do, to Phillips's damage.

Affirmed.