## BURKS MOTORS, INC. *v.* INTERNATIONAL HARVESTER COMPANY, INC. ET AL

5-5425                                         466 S. W. 2d 907

### Opinion delivered March 1, 1971
[Rehearing denied May 10, 1971.]

*Wootton, Land & Matthews,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

JOHN A. FOGLEMAN, Justice. This is an appeal by Burks Motors, Inc., from that part of the judgment involved in *International Harvester Company* v. *Pike,* 249 Ark. 1026, 466 S. W. 2d 901, relating to contribution by International to Burks. This judgment in favor of Pike was against appellant and appellee, jointly and severally, for $87,000. Burks was granted judgment against International for contribution of 91% of the judgment. Burks appealed from this judgment, contending that it was entitled to a greater contribution by International. Burks does not question the issues of liability or the amount of the judgment, but seeks only to modify the judgment in respect to contribution. It asserts that it was liable to Pike for negligence only, that the jury found that Burks' negligence and that of International Harvester contributed only 10% to the cause of Pike's damages, and that

Burks' only responsibility was limited to 9% of the *negligence* involved as a concurring cause. We do not agree with appellant's construction of the jury verdict.

Pike's cause of action against both Burks and International was based upon both breach of warranty and negligence. Burks prayed for determination of relative fault between it and International, and judgment over against International under the Uni orm Contribution Among Tortfeasors Act [Ark. Stat. Ann. § 34-1001, et. seq. (Repl. 1962)] for its propor ionate liability. Burks also asked judgment over against International for any recovery for breach of warranty.

The case was submitted to the jury upon interrogatories. No interrogatory was submitted as to whether Burks was liable for breach of warranty, because it was clearly entitled to judgment over against International for any breach of implied warranty. The circuit judge stated that he would be willing to submit further interrogatories to the jury after it had answered those submitted, if any were necessary to have further information from it to avoid any confusion.

Before any interrogatory was submitted, it was agreed by all parties that, if the jury found that International was guilty of negligence which was a proximate cause of Pike's damages, and answered other interrogatories submitted, the court would then submit a final interrogatory requiring allocation of International's liability be ween negligence in design on the one hand and neg' gence in assembly and repair on the other for the purr se of an action by International against Hendricks Manufacturing Company, the alleged supplier of t torque rod assembly.[1] When the jury first retired, th only interrogatories submitted were directed to findings whether International Harvester was guilty

---

[1] International filed a third party complaint against Hendrickson. Quashing of the service thereon by the trial court was reversed in *International Harvester* v. *Hendrickson Mfg.*, 249 Ark. 298, 459 S. W. 2d 62.

of negligence constituting a proximate cause, whether Burks was guilty of such negligence, whether International was guilty of a breach of warranty which was a proximate cause, and whether Pike assumed the risk of his own injury. After these interrogatories were answered, the circuit judge submitted an interrogatory calling for apportionment of *responsibility* between International and Burks. The interrogatory and the answer are as follows:

> Using 100% to represent the total responsibility for the occurrence and any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

> ANSWER:   International Harvester Co.      91%
>                  Burks Motors, Inc.              9%
>                  Total                          100%
>                  s/C. O. Shuffield, Foreman

This interrogatory was requested by Pike. Objection was made by Burks only on the ground that it failed to submit the issue of negligence on the part of Pike.

The circuit judge then submitted interrogatories as to damages. After answers to these were returned into court, he then submitted the interrogatory as to apportionment of negligence of International between negligence in design and negligence in assembly and repair.

This interrogatory to which no one objected, either as to form or substance, was answered as follows:

### INTERROGATORY NO. 11

Having answered Interrogatory No. 1 in the affirmative finding International Harvester negligent, you will now again using 100 as a percentage figure apportion the degree of fault as between negligence in design and negligence in assembly or repair.

```
 90%   Design
 10%   Assembly or repair
100%
       s/C. O. Shuffield
       Foreman
```

Judgment was then entered. In it, Burks was given judgment against International for 91% contribution.

Appellant argues that because the jury attributed 90% of International's negligence to negligence in design, appellant could only be liable to Pike for its pro rata part (9%) of the negligence in assembly and repair and was entitled to contribution for all of the judgment over and above that percentage (0.9%).

There is no question but what Burks was entitled to judgment over against International for any liability for breach of warranty and no objection was made by anyone to the circuit judge's statement that, upon a finding that there was such a breach which was a proximate cause, he would enter judgment against International in Burks' favor.

We do not agree with appellant's construction of the interrogatories and their answers. Liability for breach of warranty could be said to overlap or include negligence in both design and assembly, but not negligence in repair. Thus, International's breach of warranty could have contributed more than 90% to the cause of the occurrence. But this is consistent with the jury's finding that 91% of the responsibility for the occurrence lay upon International and 9% on Burks. That finding of responsibility must have included both liability for breach of warranty and negligence on the part of International, but as to Burks' responsibility, only negligence could have been considered by the jury. The plain language of the interrogatory, when considered along with the answers to the interrogatories, can lead to no other conclusion. If this was not clear, Burks had the opportunity to request further interrogatories, even after in-

terrogatory 11 was answered. The record does not indicate that any such request was made.

Appellant's prayer for modification of the judgment is denied.