## INTERNATIONAL HARVESTER COMPANY *v.* BURKS MOTORS, INC.

5-5906                                        481 S.W. 2d 351

### Opinion delivered June 12, 1972
[Rehearing denied July 17, 1972.]

*Wright, Lindsey & Jennings,* for appellant.

*Wootton, Land & Matthews,* and *Whetstone & Whetstone,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal is a sequel to *International Harvester Company* v. *Pike*, 249 Ark. 1026, 466 S.W. 2d 901, and *Burks Motors, Inc.* v. *International Harvester Company*, 250 Ark. 29, 466 S.W. 2d 907, Supplemental Opinion on Rehearing, 250 Ark. 641, 466 S.W. 2d 943. The factual background is adequately stated in those opinions. In the first opinion, we reversed a judgment for personal injuries and property damage suffered by Earl Pike against International due to the failure of the trial court to grant a mistrial because of prejudicial remarks during closing arguments, and to submit the issue of Pike's negligence to the jury. It was there recognized that Burks Motors had filed its separate appeal on a single point which was adverse to International; that the question submitted as to Burks' liability to Pike was based on the issue of negligence only, while International's liability hinged on either negligence or implied warranty or both; and that, as between International and Burks the total responsibility was fixed at 91% on International and 9% on Burks, and as between negligence in design and negligence in repair, the jury's allocation was 90% and 10%, respectively.

Burks appealed from the judgment on its prayer for contribution under the Uniform Contribution Among Tortfeasors Act [Ark. Stat. Ann. § 34-1001, et seq. (Repl. 1962)] against International for 91% of the judgment against it, contending that it was entitled to a greater contribution. Burks only sought a modification, not a reversal of that judgment. The judgment was based upon answers to interrogatories by which the jury found

both International and Burks guilty of negligence which was a proximate cause of the injuries and damage and allocated the responsibility as above set out. We refused the prayer for modification.

In a petition for rehearing and clarification, Burks asked that we state that its judgment against International for contribution was final and binding between these parties by reason of the judgment itself and International's failure to seek contribution from Burks or to ask reversal of that judgment on appeal. International filed a petition for amplification of the opinion on Burks' appeal asking that we declare that the entire judgment against it was reversed and remanded and that as a result the judgment for contribution was nullified. A similar petition was filed in its own appeal, claiming that unless and until there was an adjudication of liability against International on retrial, it could not possibly be a joint tortfeasor from whom contribution could be obtained. Burks also filed a petition for rehearing asking that we state that the judgment against it was reversed and remanded so that Pike would have no judgment against Burks, or, in the alternative, that we state that it was entitled to a 91% contribution from International.

In our supplemental opinion on rehearing, we unanimously held that the judgment against Burks must be affirmed. By a division of four to three, we held that International had waived the point that there was error in the assessment of the liability between it and Burks. We said that point raised by the post-opinion motions other than that pertaining to finality of the judgment against Burks depended upon future developments and that they must be litigated in the trial court in the light of those developments, pointing out that Burks could not be entitled to a *money* judgment against International under any circumstances until Burks had either paid the judgment or discharged more than its pro rata share. We denied the petitions for rehearing except as to the finality of the judgment against Burks and as to Burks' entitlement to a *money* judgment. Our mandate recited the affirmance of the Burks judgment against International.

Matters decided by us on the Burks appeal and on the petitions for rehearing are the law of the case and govern our action on this appeal to that extent, even if we were now inclined to say that we were wrong in those decisions. *Farmers Cooperative Assn.* v. *Phillips,* 243 Ark. 809, 422 S.W. 2d 418. See also, *Arkansas State Highway Comm.* v. *Lemley,* 250 Ark. 186, 464 S.W. 2d 605; *Wilson* v. *McDaniel,* 250 Ark. 316, 465 S.W. 2d 100; *Sigmon Forest Products, Inc.* v. *Scroggins,* 250 Ark. 385, 465 S.W. 2d 673; *St. Louis Southwestern Ry. Co.* v. *Jackson,* 246 Ark. 268, 438 S.W. 2d 41. Nothing is before us for adjudication but the proceedings subsequent to our mandate. *Fortenberry* v. *Frazier,* 5 Ark. 200, 39 Am. Dec. 373, relied upon in *St. Louis Southwestern Ry. Co.* v. *Jackson,* supra.

After the filing of the mandate, the circuit court on July 30, 1971, credited the judgment against Burks with the payment on June 22, 1971, to Pike by National Union Insurance Company, a liability insurance carrier for Burks, of $65,887, consisting of $50,000 for bodily injuries, $10,000 for property damage and $5,887 accrued interest. This judgment allowing the credit contained a recitation that the payment in no way abrogated or interfered with the right of Burks or National Union to recovery over against International Harvester, Hendrickson Mfg. Co., O & S Co. or any other parties made third party tortfeasors in the actions.

On the same date Burks filed its motion for summary judgment against International asking for a money judgment of $59,957.17, which Burks alleged was 91% of the amount paid Pike. International replied that substantial fact issues existed. It contended that, since there was no judgment against it in favor of Pike, International could not be said to be a joint tortfeasor with Burks, until there is such a judgment or some judgment finding that it is a joint tortfeasor. Subsequently, International filed a cross-complaint against Burks, seeking judgment over against Burks for $20,000 paid by International to Pike as a settlement and compromise of his claim. International denied any liability to Pike and alleged that in consideration of its $20,000 payment, Pike executed

a release which extinguished Burks' liability to him. International also alleged that there was a disproportion of fault between it and Burks and that the release of Burks entitled International to contribution from Burks as a joint tortfeasor under Ark. Stat. Ann. § 34-1001, the amount and proportion of which should be determined in this action. The circuit court granted Burks' motion and rendered a money judgment in its favor for $57,527.17, on the basis of the original judgment for 91% contribution by International.

International contends that there are material fact issues to be litigated in a new trial and that the question of contribution cannot arise until it has been established in a new trial that International is liable to Pike. Appellant argues that the contribution claimant must first prove that the contribution defendant was originally liable to the injured party before the question of contribution can arise. There are two flaws in this argument. First, appellant overlooks the fact that these very matters were at issue on the first trial, and are settled by the law of the case, if not res judicata. The jury verdict was on interrogatories. The jury found that Burks and International were both negligent and that the negligence was a proximate cause. We stated in the supplemental opinion on rehearing that International had waived its contention in its motion for new trial that the judgment against it in Burks' favor was erroneous by failure to press the point on appeal. We did not consider International's contention that Burks' negligence was an efficient intervening cause, as a matter of law, relieving it of any liability, to be an attack on the apportionment of liability. We rejected that contention on International's appeal. That is the law of the case and is binding, not only on the parties but on the courts. As a result, as between International and Burks, the two were found to be joint tortfeasors and their contribution determined. We pointed out that a money judgment was not proper until Burks had paid more than its pro rata share. This, it has now done. In *Wymer* v. *Dedman,* 233 Ark. 854, 350 S.W. 2d 169, we held that a judgment against the tortfeasor from whom contribution was sought was not essential, where the percentage of negligence between the

joint tortfeasors had been established in an action to which both were parties, even though the injured party did not file an action against the tortfeasor from whom contribution was sought, much less obtain a judgment against him. We said that when the tortfeasor seeking contribution paid the judgment against it, and filed motion for contribution the court should allow it for that percentage of the payment the jury had fixed as the percent of negligence attributable to the tortfeasor not sued.

The second fallacy in appellant's argument arises from another development subsequent to our mandate. International, by its own pleading for contribution by Burks on its $20,000 settlement, alleges that it is entitled to contribution from Burks as a joint tortfeasor under Ark. Stat. Ann. § 34-1001, et seq. But International is not entitled to contribution from Burks unless they are joint tortfeasors. Ark. Stat. Ann. § 34-1001 defines the term as follows:

> For the purpose of this act the term "joint tortfeasors" means two [2] or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

Ark. Stat. Ann. § 34-1002 provides for the right of contribution among joint tortfeasors, and specifically prohibits recovery of contribution by one who makes a settlement from one who is not released from liability by the settlement. A party litigant is bound by his pleadings and the allegations therein and cannot maintain a position inconsistent therewith. *Arkansas-Louisiana Gas Co.* v. *Maxey,* 245 Ark. 15, 430 S.W. 2d 866; *Harger* v. *Oklahoma Gas & Electric Co.,* 195 Ark. 107, 111 S.W. 2d 485, cert. denied, 304 U.S. 569, 58 S. Ct. 1038, 82 L. Ed. 1534; *Faulkner* v. *Faulkner,* 186 Ark. 1009, 287 S.W. 2d 818. The court had a right to rely upon the statements and allegations in the pleadings before it. *Burns* v. *Meadors,* 225 Ark. 1009, 287 S.W. 2d 893. To say the least, the position now argued by appellant is inconsistent with its cross-complaint to recover all or part of its $20,000 payment to Pike from Burks as a joint tortfeasor.

A litigant is not permitted to assume wholly inconsistent positions on the same issue in the same case. *Rudolph v. Kelly,* 44 Ark. 296, 222 S.W. 2d 42.

Appellant also contends that the judgment against it is excessive in that it is not liable for the interest paid by Burks, or its liability insurance carrier, to Pike. Neither party has favored us with any authorities on the subject. We do not agree that International is relieved from the payment of any interest. Burks paid interest accrued to June 22, 1971. We have recognized that the right to contribution among tortfeasors is governed to some extent by equitable principles. *Hazelrigg* v. *Enterprise Box Co.,* 208 Ark. 124, 185 S.W. 2d 709. Cases touching upon the subject, of which we are aware, all indicate that interest runs on the payment made from the date of payment to which contribution is sought. See *Employers Mut. Liability Ins. Co.* v. *Derfus,* 259 Wis. 489, 49 N.W. 2d 400, 27 A.L.R. 2d 1264 (1951), and following annotation; 18 Am. Jur. 2d 151, Contribution § 114. We have recognized this rule and applied it in a case involving indemnity. *Kincade* v. *C. & L. Rural Electric Cooperative Corp.,* 227 Ark. 321, 299 S.W. 2d 67. Yet, the question here is not whether Burks is entitled to interest on the amount paid by it. It is rather whether it is entitled to recover interest paid on the judgment against it. It is not inequitable to require International to contribute to the interest paid in this case, where no interest on Burks' payment between the date of payment and the date of the money judgment was allowed and where no more than the legal rate of interest [Const. Art. 19, § 13, Ark. Stat. Ann. §§ 29-124, 125 (Repl. 1962)] was paid by Burks. If there were a compounding of interest or interest at a rate higher than 6% per annum had been charged, we might have a different problem. But here International is not called upon to contribute one cent more than it would if Burks had paid the judgment the day it was rendered under the rule above stated and which we have previously recognized. We cannot say, under the circumstances, that the judgment was excessive.

The judgment is affirmed.

HARRIS, C. J., and BYRD and HOLT, JJ., dissent.

CONLEY BYRD, Justice, dissenting. The majority has ignored the provisions of the Uniform Contribution Among Tortfeasors Act, Ark. Stat. Ann. Sec. 34-1002 (Repl. 1962), which denies a joint tortfeasor contribution until "he has discharged the COMMON LIABILITY or has paid more than his pro rata share thereof." The exact language of the statute is as follows:

> "(2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the COMMON LIABILITY or has paid more than his pro rata share thereof." (Emphasis mine).

In this case there is no adjudicated "common liability" because in *International Harvester Company* v. *Pike*, 249 Ark. 1026 (1971) we reversed the joint or common liability of International. In doing so we held that International had the right to have the comparative negligence of Pike submitted to the jury. We also told International that because of the reversal it was unnecessary for us to discuss its asserted error whereby the trial court permitted the jury to raise its first findings of damages of Pike's personal injuries from $19,000 to $70,000.

The majority's reliance upon *Wymer* v. *Dedman*, 233 Ark. 854, 350 S.W. 2d 169 (1961) is not well founded —in that case there was an adjudicated "common liability." Here the adjudicated "common liability" of International has been reversed and set aside for a new trial.

When the majority speaks of the law of the case, I'm at a loss to understand why the opinion styled *International Harvester Company* v. *Pike*, 249 Ark. 1026, is not a part of the law of this case also, for by order of this court it was consolidated with *Burks Motors Inc.* v. *International Harvester Company*, 250 Ark. 29, 466 S.W. 2d 907 (1971) before submission. At the time the so-called clarification opinion was written on rehearing, 250 Ark. 641, Burks had not paid more than its pro rata share of the COMMON LIABILITY and of course any decision at that time with reference to whether it was entitled to contribution from International was not a jus-

ticiable controversy before this court. Thus the so-called clarification was nothing more than obiter dictum on that issue and for that reason, I'm at a loss to understand why we should declare it to be the law of the case.

For the reasons stated here and in 250 Ark. 641, I respectfully dissent.