RAYMOND R. ABRAMSON, Judge
This case is before us for a second time following remand. In Montez v. Montez , 2017 Ark. App. 220, 518 S.W.3d 751 ( Montez I ), our court reversed the Washington County Circuit Court's denial of Daniel Montez's motion to modify the joint-custody arrangement of his children with his former wife Consuela Montez, and we remanded the case for an award of custody consistent with our opinion. Daniel now appeals the circuit court's order following remand, which again awarded the parties joint custody. On appeal, Daniel argues that the circuit court erred by failing to render a judgment consistent with our opinion in Montez I . In the alternative, Daniel argues that the circuit court erred by (1) failing to obtain the recommendation of the attorney ad litem; (2) not granting custody to him; (3) modifying his child-support obligation without finding a material change in circumstances had occurred; (4) imputing his income to be $398,690; and (5) not applying the factors from Administrative Order No. 10 that require a downward departure from the guidelines. We reverse and remand.
Because a full recitation of the facts is included in Montez I , we only briefly discuss the background of the proceedings. On January 9, 2015, the Washington County Circuit Court entered an agreed divorce decree for Daniel and Consuela. The decree incorporated the parties' child-custody agreement in which they agreed to joint custody of their children, M.M. and J.M., and due to the joint-custody arrangement, neither party was ordered to pay child support. Thereafter, on October 29, 2015, Consuela filed a motion to modify the child-support agreement, and on February 11, 2016, both Daniel and Consuela filed motions for modification of custody.
The court held a hearing on June 6, 2016, wherein the testimony showed that communication between Daniel and Consuela had significantly deteriorated. Specifically, Consuela testified that Daniel would not communicate with her and that they had not had a conversation in almost a year. She stated that when they had communicated in the past, Daniel frequently yelled at her, and she admitted that she had engaged in name-calling. Daniel testified that he cannot have a civil conservation with Consuela and that he could not coparent with her. There was further testimony that J.M.'s demeanor had changed and that M.M. had significant disciplinary issues since the parties' divorce. The evidence also showed that Consuela had married Richard Trujillo, who *632 was incarcerated at that time for his fourth driving-while-intoxicated offense, and that the couple had a volatile relationship.
Following the hearing, the court entered an order finding that the parties had failed to establish a material change in circumstances warranting modification of custody and that it was in the best interest of the children for the joint-custody arrangement to continue. Daniel appealed the decision to this court and argued that the circuit court erred in finding that he had failed to establish a material change in circumstances warranting modification of custody.
This court agreed. We cited our caselaw holding that when the parties have fallen into such discord that they are unable to cooperate in sharing physical care of their children, this constitutes a material change in circumstances affecting the children's best interest. See Montez I (citing Word v. Remick , 75 Ark. App. 390, 58 S.W.3d 422 (2001) ). We further cited caselaw in which we had reversed the continuation of a joint-custody arrangement on a motion to modify custody when "there was a mountain of evidence ... demonstrating that the parties could no longer cooperate in reaching shared decisions in matters affecting their children." Id. at 9, 518 S.W.3d 757 (quoting Doss v. Miller , 2010 Ark. App. 95, at 8, 377 S.W.3d 348, 354 ). We reversed the circuit court's award of joint custody and remanded the case to the circuit court for an award of custody consistent with the opinion. Id.
On remand, the circuit court held a hearing on May 12, 2017. The court did not consider any new evidence or testimony, and the parties did not make arguments. On June 6, 2017, the court entered a written order finding that a material change in circumstances had occurred following the entry of the divorce decree[1] but nonetheless found it was not in the best interest of the children to change custody. The court found that the children benefited from extended time with both parents and ordered the joint-custody arrangement to continue. The court ordered the parties to communicate by telephone daily.
Following the entry of the order on remand, Daniel timely filed his notice of appeal in the instant case. On appeal, Daniel argues that the circuit court failed to render a judgment consistent with our opinion in Montez I . We agree.
Our supreme court has long held that the circuit court, upon remand, must execute the mandate. Wal-Mart Stores, Inc. v. Regions Bank Tr. Dep't. , 356 Ark. 494, 156 S.W.3d 249 (2004). In Fortenberry v. Frazier , our supreme court held:
The inferior court is bound by the judgment or decree as the law of the case, and must carry it into execution according to the mandate. The inferior court cannot vary it, or judicially examine it for any other purpose than execution. It can give no other or further relief as to any matter decided by the Supreme Court, even where there is error apparent; or in any manner intermeddle with it further than to execute the mandate, and settle such matters as have been remanded, not adjudicated, by the Supreme Court.
5 Ark. 200, 202 (1843). In Dolphin v. Wilson , 335 Ark. 113, 983 S.W.2d 113 (1998), our supreme court adopted the Third Circuit Court of Appeals' rules regarding a trial court's treatment of a case on remand. It stated:
*633 The history of the mandate rule was reviewed recently by the Third Circuit Court of Appeals. See Casey v. Planned Parenthood , 14 F.3d 848 (3d Cir. 1994). In Casey , the Third Circuit observed:
Of these rules, the most compelling is the mandate rule. This fundamental rule binds every court to honor rulings in the case by superior courts. As the Supreme Court has stated, 'In its earliest days this Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court.' Briggs v. Pennsylvania R. Co. , 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948).
Casey , 14 F.3d at 856. Quoting from Bankers Trust Co. v. Bethlehem Steel Corp. , 761 F.2d 943, 949 (3d Cir. 1985), the Third Circuit went on to underscore the deference a trial court must give to the mandate:
A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.
Casey , 14 F.3d at 857.
Dolphin , 335 Ark. at 115, 983 S.W.2d at 118. The supreme court also cited the major precepts regarding mandates:
A "mandate" is the official notice of action of the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed.
5 Am. Jur. 2d, § 776.
However, the lower court is vested with jurisdiction only to the extent conferred by the appellate court's opinion and mandate. Therefore, the question of whether the lower court followed the mandate is not simply one of whether the lower court was correct in its construction of the case, but also involves a question of the lower court's jurisdiction.
5 Am. Jur. 2d, § 784
....
Any proceedings on remand which are contrary to the directions contained in the mandate from the appellate court may be considered null and void.
5 Am. Jur. 2d, § 791.
Dolphin , 335 Ark. at 115-16, 983 S.W.2d at 118-19.
Here, we hold that the circuit court's decision on remand is contrary to our opinion in Montez I . In Montez I , we held that the circuit court clearly erred in finding that Daniel had failed to establish a change of circumstances warranting a modification of custody. 2017 Ark. App. 220, 518 S.W.3d 751. We specifically stated, "When the parties have fallen into such discord that they are unable to cooperate in sharing physical care of their children, this constitutes a material change in circumstances affecting the children's best interest. " Id. at 9, 518 S.W.3d at 757 (emphasis added) (citing Word , 75 Ark. App. 390, 58 S.W.3d 422 ). We cited our caselaw that it is a reversible error to order continuation of a joint-custody arrangement when there is evidence that demonstrates the parents can no longer cooperate in reaching decisions in matters affecting their children. Id. We then discussed the overwhelming evidence that Daniel and Consuela could not communicate with each other, as well as the evidence of the effect of that turmoil on the children. We "reversed the circuit court's award of joint custody" and remanded the case to the circuit court "for an award of custody consistent with this opinion." Id. at 11, 518 S.W.3d at 757. On remand, the court acknowledged our holding that Daniel had established a material change in circumstances warranting modification of *634 custody, but the court nonetheless found that it was in the best interest of the children to continue joint custody. That decision was contrary to our opinion in Montez I . Accordingly, we hold that the circuit court failed to execute our mandate. We again reverse and remand to the circuit court for termination of the joint-custody arrangement. On remand, we direct the circuit court to make a sole-custody determination with a corresponding child-support determination.[2] Because of this holding, we do not reach the other issues on appeal.
Reversed and remanded.
Vaught, J., agrees.
Hixson, J., concurs.

Interestingly, the court also stated in its written order that it "is not convinced that the lack of communication between the parties is the material change in circumstances in this case."

Daniel asks this court not to remand the case to the circuit court and to award him sole custody of the children. However, because the circuit court maintained the joint-custody arrangement, it made no findings regarding this issue. As such, in order to accommodate his request, we would be forced to make factual and credibility findings, which can only be made by the circuit court. See Doss , 2010 Ark. App. 95, 377 S.W.3d 348.